CROSTON, APPELLANT, *v.* CROSTON; ET AL., APPELLEE.

[Cite as Croston v. Croston, 18 Ohio App. 2d 159.]

(No. 319—Decided April 3, 1969.)

*Messrs. Hausser & Rawson,* for appellant.
*Messrs. Summers, Haupt & Theisen,* for appellee.

STEPHENSON, J. This is an appeal on questions of law from a judgment rendered by the Common Pleas Court, in which a constructive trust was imposed on certain real property.

Virginia G. Croston, plaintiff, appellant herein, and Robert Harold Croston were wife and husband. Harold Croston, defendant, appellee herein, and Margaret Croston are the parents of Robert.

An action in divorce was filed on July 22, 1967, by Virginia G. Croston against Robert seeking a divorce and an award of Robert's half interest in real property purchased by them, in their joint names, as a home. Robert was served by publication and did not enter an appearance or testify at the trial.

Appellee, Harold Croston, requested permission to intervene as a party defendant, which permission the trial court granted. He filed an answer in which he claimed he

had advanced the down payment for the real property and prayed for relief by way of a constructive trust or other equitable relief in the real property of Virginia and Robert.

Upon the imposition of the constructive trust, the appellant, feeling aggrieved at the ruling of the trial court, has appealed to this court on two grounds:

(1) "The trial court erred in decreeing a constructive trust in favor of Harold Croston for his payment of $4,-200.00 to assist his son and daughter-in-law to purchase their residence, (a) more than six years prior, (b) despite absence of obligation to repay and (c) despite presumption in law of gift where payment made to relative."

(2) "The findings and judgment of the court were contrary to the manifest weight of the evidence."

The pleadings and the evidence establish without dispute that in 1960 Virginia and Robert desired to purchase a home, but were without funds for a down payment. The price of the property was $14,000. Harold Croston paid $4,200 directly to the vendor. A lending institution provided the balance. A note and mortgage were executed and delivered by Robert and Virginia to the lending institution for the balance. No instruments were requested or executed in favor of Harold Croston for the $4,200 down payment.

The factual dispute between the parties, which arises in the evidence, is whether the $4,200 payment constituted a gift, as claimed by Virginia, the appellant herein, or a loan to Virginia and Robert to be repaid when able, as claimed by Harold Croston, appellee herein.

The court below, in a finding of facts and conclusion of law, after finding grounds for divorce, found that Harold Croston had made the down payment and that it was furnished as an accommodation loan to plaintiff and her husband without specific terms of repayment and without interest. In the conclusions of law, the court found the real property should be awarded to plaintiff, but that for her to receive the entire interest in such property, free of any claim of the defendant Harold Croston, would constitute

unconscionable and unjust enrichment to her, and that the premises should be impressed with an equitable lien in the sum of $4,200. In the journal entry, the court impressed a constructive trust on the premises.

As will be subsequently seen, we do not deem it necessary to discuss the presumption arising when consideration is furnished by a parent for a child, the degree of evidence necessary to establish a trust, or whether the trial court erred in its finding that an accommodation loan was made by Harold Croston to his son and the plaintiff.

If a gift or advancement was made, rather obviously, no trust could be imposed or any other equitable relief granted. The question for determination is whether assuming the correctness of defendant-appellee's contention, as found by the trial court, of an accommodation loan, may it serve as a basis for a constructive trust? We have concluded that it cannot.

A constructive trust has been defined to arise ''where a person holding title to property is subject to an *equitable duty* to convey it to another on ground that he would be unjustly enriched if he were permitted to retain it * * *.'' (Emphasis added.) Restatement of the Law of Restitution 640, Section 160. In an early Ohio case, it was stated, that ''The trust claimed is one created by operation or implication of law, or a *constructive trust,* and arises where the holder of the legal estate in property cannot also enjoy the beneficial interest therein, *without violating some established principle of equity,* and the chief instances of such constructive trusts occur where the property has been acquired by fraud, actual or constructive.'' (Emphasis added in part.) *Kent* v. *Mahaffey,* 10 Ohio St. 204 at 220.

It is defined in a more lengthy manner as ''a trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in

equity and good conscience, hold and enjoy. It is raised by equity to satisfy the demands of justice. However, a constructive trust does not arise on every moral wrong in acquiring or holding property or on every abuse of confidence in business or other affairs; *ordinarily such a trust arises and will be declared only on wrongful acquisitions or retentions of property by which equity, in accordance with its fundamental principles and the traditional exercise of its jurisdiction* or in accordance with statutory provision, takes cognizance." (Emphasis added.) 54 American Jurisprudence 167, Trusts, Section 218.

Emphasis has been placed on certain portions of the above definitions because they illustrate a controlling principle in the imposition of constructive trusts, namely, that the conduct of the parties must be such that it will give rise to the exercise of equitable jurisdiction. A leading writer has stated that the main problem in the field of constructive trusts is the cataloging of the types of unethical conduct which have been sustained as basis for the constructive trust. Bogert, Trust and Trustees, 2d Ed., 9, Section 471. In this respect the Wisconsin Supreme Court has stated, in defining a constructive trust, that it is not really a trust in the usual sense, but rather the generic name for an aggregate grouping of particular fact situations upon which equity will impose liability to prevent enrichment and unfairness. *Milwaukee v. Firemen's Relief Assn.*, 34 Wis. 2d 350, 149 N. W. 2d 589. The classification may be stated generally to be where there is present, fraud, actual or constructive, duress, undue influence, mistake, breach of fiduciary obligation or abuse of confidential relationship.

The lower court based the creation of the trust upon the ground of prevention of unjust enrichment. It has been stated in this respect:

"The doctrine of unjust enrichment is that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity. While it is said that a defendant is liable if 'equity and good conscience' requires, this does not mean that a moral duty meets the demands

of equity. *There must be some specific legal principle or situation which equity has established or recognized, to bring a case within the scope of the doctrine.''* (Emphasis added.) *American University* v. *Forbes*, 88 N. H. 17, 183 A. 860, at page 19. See, also, *Anderson* v. *Anderson*, 155 Kan. 69, 123 P. 2d 315.

The down payment in the instant case was made by Harold Croston with full knowledge of all the facts, and assuming a loan, with the contractual understanding that it would be repaid when the parties were able. There was no conduct on the part of the plaintiff that could be described as unfair, unconscionable or unjust. The record is barren of any ground for a claim of fraud, duress, undue influence or mistake against which equity gives relief. The transaction occurred specificially as Harold Croston intended. Where, in these facts, is there a breach of any legal or equitable duty of which equity takes cognizance by the imposition of a constructive trust? We find none. *Venetta* v. *Venetta*, 92 Ohio Law Abs. 289.

The appellee has cited two Ohio cases in support of the judgment of the trial court. In *Martini* v. *Cicatiello*, 74 Ohio Law Abs. 289, equitable relief, by way of a lien on real estate, was granted in a suit for a trust in the real estate, the plaintiff claiming he had advanced money to defendants, his daughter and son-in-law, for purchase of a home in his name, but that the defendants took title in their own names. In *Tatum* v. *Tatum*, 111 Ohio App. 221, the plaintiff advanced money to a brother for equitable interest in a part of a parcel of real property, which property was taken by agreement in the name of his brother and his brother's wife. The brother thereafter died and half interest was conveyed to the wife who sold the real estate. The court found the brother's half interest to be subject to a trust for plaintiff, and he was allowed to recover from the proceeds of the sale. Those cases are clearly distinguishable from the case at bar. Both fall within accepted principles giving rise to equity jurisdiction, the former by way of fraud and the latter by breach of a fiduciary duty to account for the brother's equitable interest in the trust property.

Finally, in this respect, this court would note that the lower court undoubtedly gave weight in the imposition of the constructive trust to the fact that the down payment has not yet been repaid. We do not understand appellee to claim his agreement with the appellant and her husband has been breached. His claim is that the loan was to be repaid when the parties were able. The record is silent on the ability of the parties to repay. However, even if a breach had occurred, it is generally stated that this will not be sufficient to raise a constructive trust. "* * * The failure to pay a debt, cannot in itself * * * constitute fraud or abuse of confidence or duty requisite to the existence of a constructive trust * * *." 54 American Jurisprudence 171, Trusts, Section 221.

No case directly in point has been found in the Ohio authorities, but in a decision of the Illinois Supreme Court, in a case very similar to the instant case, a constructive trust was denied. *Perry* v. *Wyeth*, 25 Ill. 2d 250, 184 N. E. 2d 861.

We have further considered whether equitable relief would be proper herein under the theory of a resulting trust or equitable lien. Unlike the constructive trust created without regard to the intention of the parties, a resulting trust arises in favor of the person who transferred the property or caused it to be transferred under circumstances raising a rebuttable inference that he intended to transfer to the other a bare legal title and not give him the beneficial interest. V Scott on Trusts, 3rd Ed., 3215, Section 404.2. The difficulty from appellee's position herein is that, taking his claim of a loan to his son and appellant, a debtor-creditor relationship was created and not an equitable interest in real estate. Resulting trusts are denied when the debtor-creditor relationship is clear. *Stansell* v. *Roberts*, 13 Ohio 148; *Allen* v. *Alsop*, 24 C. C. (N. S.) 420, 34 C. D. 662; *Kuck* v. *Sommers*, 59 Ohio Law Abs. 400; 2 Restatement of the Law of Trusts 407, Section 445, illustration one; Bogert, Trust and Trustees 536, Section 455.

In *Fields* v. *Fields*, 415 Ill. 324, 114 N. E. 2d 402, suit was filed by a father against his son and daughter-in-law

seeking to impose a resulting trust on real property in the joint names of the defendants. He claimed he advanced the purchase price. At the trial the plaintiff repeatedly testified he loaned the money to the defendants, that he expected no interest, that it was to be repaid a little at a time, monthly, but that no regular payments were agreed upon. The Supreme Court of Illinois stated, in denying the trust, that "a resulting trust does not arise where funds advanced are either a gift or a loan."

Also, under the evidence in this case, we find no basis for the imposition of an equitable lien. 2 Restatement of the Law of Trusts 407, Section 445; *Stansell* v. *Roberts*, 13 Ohio 148; *Newman* v. *Newman*, 103 Ohio St. 230.

This is not an action at law to recover a debt, and we have not deemed it necessary to, nor do we, pass upon the disputed question of whether the furnishing of the $4,200 created a loan or a gift.

Finding the judgment contrary to law, we must reverse and enter final judgment in favor of plaintiff, appellant herein, and against defendant-appellee upon his claim for a constructive trust or other equitable relief raised in his answer filed herein.

*Judgment reversed.*

GRAY, P. J., and ABELE, J., concur.