GULLIA, Appellant and Cross–Appellee,

v.

GULLIA, Appellee and Cross–Appellant; Stauffer, Cross–Appellant.

[Cite as *Gullia v. Gullia* (1994), 93 Ohio App.3d 653.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 60498, 60335 and 61704.

Decided March 16, 1994.

**656**

*Fadle & Beyer, William D. Beyer* and *Steven D. Jones;* and *Roger L. Kleinman,* for appellant Theodore A. Gullia, Jr.

*Joseph G. Stafford,* for appellee Marietta D. Gullia.

---

DAVID T. MATIA, Judge.

Plaintiff-appellant, Theodore A. Gullia, Jr., appeals from the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which granted the parties a divorce. Appellant is contesting the trial court's division of marital property, award of alimony to the appellee, an award of attorney fees ordered to be paid by the appellant, a post-decree restraining order prohibiting

appellant from transferring or encumbering certain property identified in the divorce decree, and a post-decree contempt order.

Defendant-appellee Marietta D. Gullia has filed a cross-appeal of the trial court's decision limiting her attorney fees award to $25,000. Appellee had been seeking in excess of $80,000 in attorney fees.

New-party defendant, cross-appellant Patricia A. Stauffer, appeals the trial court's decision which divested her of title to property designated in the divorce decree as the "Shaw Avenue property" and the "Westhaven property."

## I. STATEMENT OF THE CASE

Appellant and appellee were married on October 9, 1957. Five children were born as issue of the marriage, all of whom were emancipated at the time of trial. The record reveals that the appellant is an attorney licensed to practice law in Ohio and a licensed pilot with connections in the aviation industry. During the majority of the marriage, appellee was primarily a homemaker. Toward the end of the marriage, appellee developed a business as a party planner.

In January 1984, appellant and appellee separated. At some point after the separation, appellant moved in with cross-appellant Patricia Stauffer. Stauffer had been employed by appellant as a legal secretary since 1977. During the course of their relationship, which can be characterized as both personal and professional, appellant and Stauffer became involved in numerous business dealings, including the acquisition of various properties. Two such properties, the Shaw Avenue property and the Westhaven property, form the basis of Stauffer's appeal. During this time period, appellant filed for bankruptcy relief from which he was discharged on September 6, 1984.

On July 16, 1987, appellant filed a complaint for divorce. Trial in the lower court began on April 4, 1990 and continued throughout that spring for thirty-three days. On July 20, 1990, the trial court issued its judgment entry, which provided in part:

"1. Appellee is awarded the marital property located on Harcourt Drive, Cleveland Heights, Ohio subject to the existing mortgage in the amount of $57,000.00 which appellee shall assume, agree to pay, and hold appellant harmless thereon.

"2. Appellee is awarded all household goods contained in the Harcourt Drive premises.

"3. Appellant is ordered to pay appellee as permanent alimony the sum of $2,500.00 per month until such time as she dies or remarries.

"4. Appellant is ordered to pay appellee the sum of $25,000.00 for her attorney fees, said sum representing the fair and reasonable value of legal services rendered.

"5. Cross-appellant Patricia Stauffer is ordered to convey to appellant and appellee all of her right, title and interest in the Shaw Avenue property, the trial court finding that the same has been held in trust for and on behalf of appellant and appellee as a marital asset.

"6. Cross-appellant Patricia Stauffer is ordered to transfer all of her right, title and interest in the Westhaven property to appellant, the trial court finding said property has been held in trust as a marital asset.

"7. The interest in the Shaw Avenue property is to be divided equally between appellant and appellee and one-half is awarded to appellee in the amount of $15,000.00; and her IRA in the amount of $2,200.00; that the total division of property awarded to appellee totals $200,200.00.

"8. Appellant is ordered to pay in full forthwith the real estate tax delinquency together with all interest and assessments which constitute a lien and/or amount due on the Harcourt property and the same shall constitute a lien on all real property to be conveyed to plaintiff under the terms of this decree.

"9. Appellant is awarded the Westhaven property along with assets totaling $100,100.00.

"10. The trial court finds that there is an arrearage in the amount of $18,900.00 for temporary alimony and an arrearage in the amount of $3,870.00 in child support, for a total arrearage of $22,770.00 due and owing appellee which appellant is hereby ordered to pay at a rate of $500.00 per month without interest until said arrearage is paid in full."

## II. FIRST ASSIGNMENT OF ERROR

The appellant's first assignment of error provides:

"The trial court committed reversible error in issuing a lifetime alimony award without issuing findings regarding the parties' relative earning capacities and other statutory factors."

## A. THE ISSUE RAISED: WHETHER THE TRIAL COURT INDICATED THE BASIS FOR ITS AWARD IN SUFFICIENT DETAIL

Appellant argues that the trial court failed to analyze the relevant factors set forth in R.C. 3105.18(B) in awarding appellee sustenance alimony of $30,000 per year for the rest of her life until such time as she dies or remarries. R.C. 3105.18(B) provides:

"(B) In determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony, the court shall consider all relevant factors, including, but not limited to, the following:

"(1) The relative earning abilities of the parties;

"(2) The ages, and the physical and emotional conditions of the parties;

"(3) The retirement benefits of the parties;

"(4) The expectancies and inheritances of the parties;

"(5) The duration of the marriage;

"(6) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;

"(7) The standard of living of the parties established during the marriage;

"(8) The relative extent of education of the parties;

"(9) The relative assets and liabilities of the parties;

"(10) The property brought to the marriage by either party;

"(11) The contribution of a spouse as homemaker."

It is appellant's position that the trial court failed to adequately determine the relative earning capacity of the parties, neglected to make definite findings as to the relative assets and liabilities of the parties, and neglected to find the value of appellant's expectancy from his mother's estate.

This assignment of error is well taken.

## B. THE STANDARD OF REVIEW APPLICABLE TO SUSTENANCE ALIMONY DETERMINATION

■ The Ohio Supreme Court held in *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph two of the syllabus:

"In allocating property between the parties to a divorce and in making an award of sustenance alimony, *the trial court must indicate the basis for its award in sufficient detail* to enable a reviewing court to determine that the award is fair, equitable and in accordance with law." (Emphasis added.)

Moreover, the *Kaechele* court stated:

"In making a sustenance alimony award, the trial court must consider all the factors listed in R.C. 3105.18(B) and not base its determination upon any one of those factors taken in isolation." *Id.* at paragraph one of the syllabus.

Therefore, the trial court must indicate the basis for its award in sufficient detail so the reviewing court can determine that the award is fair, equitable and in accordance with law.

## C. THE TRIAL COURT FAILED TO INDICATE THE BASIS FOR ITS AWARD

■ A review of the trial court's judgment entry dated July 20, 1990 shows that the trial court did not adequately set forth the basis for its award of sustenance alimony in the amount of $30,000 per year for life until appellee remarries or dies. Accordingly, we remand the cause to the trial court for more specific findings of fact and conclusions of law.

## III. SECOND ASSIGNMENT OF ERROR

The appellant's second assignment of error provides:

"The trial court abused its discretion and committed reversible error in granting wife lifetime alimony without reserving jurisdiction to modify such award."

## A. THE ISSUE RAISED: WHETHER THE TRIAL COURT SHOULD HAVE RESERVED JURISDICTION TO MODIFY ITS AWARD OF LIFETIME ALIMONY

■ Appellant argues that the trial court abused its discretion by failing to reserve jurisdiction to modify an indefinite award of alimony. For the following reasons, appellant's second assignment of error is well taken.

## B. THE STANDARD OF REVIEW APPLICABLE TO RESERVING JURISDICTION

Prior to the amendment of R.C. 3105.18 in 1986, a trial court's continuing jurisdiction to modify an indefinite sustenance alimony award was implied in the parties' divorce decree. *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413. In 1986, the Ohio General Assembly amended R.C. 3105.18, requiring the domestic relations court to specifically reserve jurisdiction in order to subsequently modify a sustenance alimony award. R.C. 3105.18(D)(1). Since the 1986 amendment, it has been held that a trial court abuses its discretion by failing to reserve jurisdiction to modify an indefinite award of alimony. *Nori v. Nori* (1989), 58 Ohio App.3d 69, 568 N.E.2d 730; *Shannon v. Shannon* (Jan. 28, 1993), Cuyahoga App. No. 61714, unreported, 1993 WL 19572.

## C. TRIAL COURT'S FAILURE TO RESERVE JURISDICTION CONSTITUTES AN ABUSE OF DISCRETION

Consistent with the foregoing, we conclude that the trial court abused its discretion by failing to reserve jurisdiction to modify an indefinite award of sustenance alimony in the instant case. Accordingly, appellant's second assignment of error has merit and on remand the trial court is directed to modify the divorce decree to include a continuing jurisdiction provision to enable the court to make a modification upon a change of circumstances consistent with the law.

## IV. THIRD ASSIGNMENT OF ERROR

The appellant's third assignment of error provides:

"The trial court's awards of $25,000.00 for attorney fees and $30,000.00 per year for lifetime alimony must be vacated as an abuse of discretion and as being contrary to the manifest weight of the evidence."

## A. THE ISSUE RAISED: WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN AWARDING $25,000 FOR ATTORNEY FEES AND $30,000 PER YEAR FOR LIFETIME ALIMONY TO APPELLEE

Appellant argues that the trial court abused its discretion by awarding an unreasonable amount of attorney fees and sustenance alimony to appellee. For the following reasons, this court finds appellant's third assignment of error has merit.

## B. THE STANDARD OF REVIEW

The awarding of attorney fees is within the sound discretion of the trial court. *Swanson v. Swanson* (1976), 48 Ohio App.2d 85, 2 O.O.3d 65, 355 N.E.2d 894. Upon appeal, the questions for inquiry are whether the factual conclusions upon which the trial court based the exercise of its discretion were against the manifest weight of the evidence or whether there was an abuse of discretion. *Id.* at 90, 2 O.O.3d at 68–69, 355 N.E.2d at 898.

An award of sustenance alimony must be based both upon needs of the payee spouse and the ability of the payor spouse to meet the obligation. An alimony award then must equitably and reasonably be based on these factors. *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83.

## C. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN AWARDING $25,000 FOR ATTORNEY FEES AND $30,000 PER YEAR FOR LIFETIME ALIMONY

■ In the instant case, the trial court awarded attorney fees and lifetime sustenance alimony to appellee in the amount of $25,000 and $30,000 per year, respectively, in spite of the fact that appellant's net income has not exceeded $27,500 since appellant's bankruptcy in 1983–1984. Upon review of the record and the trial court's entry, it is apparent that the trial court did not consider appellant's ability to pay these obligations before reaching its decision.

Accordingly, appellant's third assignment of error has merit and the cause is remanded for further determination.

## V. FOURTH ASSIGNMENT OF ERROR

Appellant's fourth assignment of error provides:

"The trial court abused its discretion and committed reversible error in basing its alimony and property division awards upon injuries sustained by wife years after separation while wife was on vacation with another man, in the absence of any expert testimony regarding the existence, nature and extent of such injury."

## A. THE ISSUE RAISED: WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN CONSIDERING APPELLEE'S HEALTH WHEN NO EXPERT TESTIMONY WAS PRESENTED

Appellant argues that the trial court committed reversible error allowing appellee to testify as to the nature and extent of a knee injury she sustained over four years after the parties' separation while she was on a skiing vacation. It is appellant's position that, since appellee offered no expert testimony as to the extent, seriousness or duration of the alleged injury, the trial court abused its discretion in basing its alimony and property division awards upon appellee's testimony. Appellant's argument lacks merit.

## B. THE STANDARD OF REVIEW

■ Appellant contends that expert testimony is needed in order to establish the medical condition of a party. However, it is not necessary for a party to present expert medical testimony substantiating certain medical problems where the injured party testifies and is subject to thorough cross-examination. *Denney v. Denney* (Jan. 25, 1985), Montgomery C.P. No. 8667, unreported, 1985 WL 7628.

## C. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION

■ Upon review of the record, we are unable to conclude that the trial court abused its discretion or committed reversible error. The trial court is not precluded from allowing appellee to testify regarding her own medical condition, especially when appellee is subject to cross-examination. Appellant's fourth assignment of error is overruled.

## VI. FIFTH ASSIGNMENT OF ERROR

Appellant's fifth assignment of error provides:

"The trial court's property division award must be reversed as being an abuse of discretion and contrary to the manifest weight of the evidence."

## A. THE ISSUE RAISED: WHETHER THE TRIAL COURT'S PROPERTY DIVISION AWARD CONSTITUTES AN ABUSE OF DISCRETION

Appellant argues the trial court's division of marital property unduly favored appellee and constituted an abuse of discretion contrary to the manifest weight of the evidence. For the following reasons, appellant's argument is well taken.

## B. THE STANDARD OF REVIEW

■ In dividing marital property, a trial court possesses broad discretion to effect an equitable and fair property division. *Worthington v. Worthington* (1986), 21 Ohio St.3d 73, 21 OBR 371, 488 N.E.2d 150; *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293.

In *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 541 N.E.2d 597, the Ohio Supreme Court stated:

"After a divorce has been granted, the trial court is required to equitably divide and distribute the marital estate between the parties and thereafter consider whether an award of sustenance alimony would be appropriate. *Teeter v. Teeter* (1985), 18 Ohio St.3d 76, 18 OBR 106, 479 N.E.2d 890, citing to *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413. The trial court is vested with broad discretion in determining the appropriate scope of these property awards. *Berish v. Berish* (1982), 69 Ohio St.2d 318, 23 O.O.3d 296, 432 N.E.2d 183. Although its discretion is not unlimited, it has authority to do what is equitable. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. A reviewing court should measure the trial court's adherence to the test, but should not substitute its judgment for that of the trier of fact unless, considering the totality of the circumstances, it finds that the court abused its discretion. Section 3(B), Article IV of the Ohio Constitution: App.R. 12; *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 9 OBR 529, 459 N.E.2d 896; *Kaechele v.*

*Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197. 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140." *Holcomb v. Holcomb, supra,* at 130–131, 541 N.E.2d at 599.

## C. TRIAL COURT'S PROPERTY DIVISION AWARD MUST BE REVERSED

 Applying the foregoing to the facts of the case *sub judice,* we find that the trial court did abuse its discretion by awarding approximately two-thirds of the marital property to appellee while ordering appellant to pay the real estate tax delinquency together with all interest and assessments on the marital residence totaling at least $52,600, $22,700 in alleged temporary support arrearage, $25,000 toward appellee's attorney fees and $7,000 toward cross-appellant Patricia A. Stauffer's attorney fees.

A review of the record fails to disclose any basis to allow the trial court to award approximately two thirds of the marital assets to the appellee while requiring appellant to pay the aforementioned debts. Such an award is inequitable and constitutes an abuse of discretion under the present facts.

For the foregoing reasons, appellant's fifth assignment of error is well taken and the cause is remanded to the trial court to determine an equitable division of the parties' marital assets.

## VII. SIXTH ASSIGNMENT OF ERROR

Appellant's sixth assignment of error provides:

"The trial court abused its discretion and committed reversible error in requiring appellant to pay attorney fees of cross-appellant Patricia A. Stauffer from his share of marital property."

## A. THE ISSUE RAISED: WHETHER THE TRIAL COURT ERRED BY REQUIRING APPELLANT TO PAY CROSS–APPELLANT PATRICIA STAUFFER'S ATTORNEY FEES DIRECTLY TO HER ATTORNEY

 Appellant argues that the trial court abused its discretion by ordering that a $7,000 payment be made directly to Stauffer's attorney for attorney fees. For the following reasons, appellant's argument is well taken.

## B. THE STANDARD OF REVIEW

 Where a court awards attorney fees in a divorce proceeding, such award must be entered in favor of a party litigant and not directly in favor of the party's attorney. *Stout v. Stout* (1982), 3 Ohio App.3d 279, 3 OBR 325, 445 N.E.2d 253.

## C. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING THAT ATTORNEY FEES BE PAID DIRECTLY TO STAUFFER'S ATTORNEYS

Upon review of the record, we find the trial court did abuse its discretion. The order awarding attorney fees should have specified that the money be paid directly to Stauffer, not her attorney. For the foregoing reasons, the cause is remanded to the trial court for further proceedings which shall include an order awarding fees to cross-appellant Stauffer and not to her counsel.

## VIII. SEVENTH ASSIGNMENT OF ERROR

Appellant's seventh assignment of error provides:

"The trial court abused its discretion and committed reversible error in computing purported temporary alimony and support arrearage."

## A. THE ISSUE RAISED: WHETHER THE TRIAL COURT INCORRECTLY COMPUTED TEMPORARY ALIMONY AND SUPPORT ARREARAGE

Appellant argues that, on January 29, 1990, the trial court ordered him to pay a one-time $400 payment plus the monthly mortgage obligation and $150 per week commencing January 26, 1990. It is appellant's position that no evidence was presented to show that he violated that order.

## B. THE STANDARD OF REVIEW

The trial court's decision awarding temporary alimony and support arrearages totaling $22,770 will not be disturbed unless the record shows that the decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. As stated by the Ohio Supreme Court in *Blakemore:*

"The term 'abuse of discretion' was defined by this court in *State v. Adams* (1980), 62 Ohio St.2d 151, 157 [16 O.O.3d 169, 173, 404 N.E.2d 144, 148]:

" 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Steiner v. Custer* (1940), 137 Ohio St. 448 [19 O.O. 148, 31 N.E.2d 855]; *Conner v. Conner* (1959), 170 Ohio St. 85 [9 O.O.2d 480, 162 N.E.2d 852]; *Chester Township v. Geauga Co. Budget Comm.* (1976), 48 Ohio St.2d 372 [2 O.O.3d 484, 358 N.E.2d 610].' " *Id.* at 219, 5 OBR at 482, 450 N.E.2d at 1142.

## C. THE TRIAL COURT ABUSED ITS DISCRETION

■ Upon review of the record, we find the trial court did abuse its discretion in finding appellant in arrears in the amount of $22,700. The evidence below fails to support the trial court's determination. For the foregoing reasons, we remand this cause to the trial court for further specification as to how the trial court determined the arrearage.

## IX. EIGHTH ASSIGNMENT OF ERROR

Appellant's eighth assignment of error provides:

"The court erred in failing to utilize a *de facto* termination date in assessing the value of the marital estate."

## A. THE ISSUE RAISED: WHETHER THE TRIAL COURT SHOULD HAVE UTILIZED A *DE FACTO* TERMINATION DATE OF THE MARRIAGE

Appellant argues that the trial court erred in assessing the value of the marital estate as of the date of trial. It is appellant's position that a large percentage of the marital assets listed in the divorce decree came into existence after the parties' separation in January 1984 and therefore should not have been included in the marital estate. Appellant's eighth assignment of error is well taken.

## B. STANDARD OF REVIEW

■ Ohio courts have recognized that equity may require valuation of the marital assets on the date of the *de facto* termination of the marriage. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293; *Berish v. Berish* (1982), 69 Ohio St.2d 318, 23 O.O.3d 296, 432 N.E.2d 183. The determination as to when to apply a valuation date other than the actual date of divorce is within the discretion of the trial court and cannot be disturbed on appeal absent a demonstration of an abuse of discretion.

## C. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO UTILIZE A *DE FACTO* TERMINATION DATE OF THE MARRIAGE

■ Applying the foregoing to the facts of the case *sub judice*, we find that the trial court did abuse its discretion by failing to utilize a *de facto* termination date of the marriage. A review of the evidence shows that after the parties' separation, they had separate residences, separate business activities and utilized separate bank accounts. In addition, no attempt at reconciliation was made by either party.

Accordingly, we remand this cause to the trial court for further determination as to the value of the marital estate as of the *de facto* termination of the marriage, January 1984.

## X. NINTH ASSIGNMENT OF ERROR

Appellant's ninth assignment of error provides:

"The trial court committed reversible error and acted without jurisdiction in violation of appellant's constitutional rights when it imposed an *ex parte,* post-trial permanent injunction, restraining husband from selling and otherwise utilizing property awarded to him by the court."

### A. THE ISSUE RAISED: WHETHER THE TRIAL COURT LACKED JURISDICTION TO ISSUE A PERMANENT INJUNCTION AFTER THE UNDERLYING DIVORCE ACTION HAD TERMINATED

On August 17, 1990, the trial court issued an injunction restraining appellant from "selling, transferring, hypothecating, dissipating, alienating, concealing or disposing of" his one hundred percent interest in Stauffer's Westhaven property and his fifty percent interest in Stauffer's Shaw Avenue property. Appellant argues that the trial court did not have jurisdiction to issue such an order after the termination of divorce proceedings. Appellant's ninth assignment of error has merit.

### B. THE STANDARD OF REVIEW

R.C. 2727.03 provides:

"At the beginning of an action, or any time before judgment, an injunction may be granted by the Supreme Court or a judge thereof, the court of appeals or a judge thereof in his district, the court of common pleas or a judge thereof in his county * * *."

Therefore, a domestic relations court does not have jurisdiction to issue a permanent injunction after the underlying divorce action has been terminated through journalization of the final judgment. *Hudson v. Hudson* (Dec. 21, 1989), Cuyahoga App. No. 57789, unreported, 1989 WL 154862.

### C. THE TRIAL COURT DID NOT HAVE JURISDICTION TO ENTER A POST–DECREE PERMANENT INJUNCTION

Applying the foregoing to the facts of the present case, we find that the trial court did not have jurisdiction to enter a permanent injunction. The final judgment in this action was journalized on or about July 20, 1990. The trial court

issued the permanent injunction on August 17, 1990, well after journalization of the final judgment.

Accordingly, we find appellant's ninth assignment of error is well taken.

## XI. TENTH ASSIGNMENT OF ERROR

Appellant's tenth assignment of error provides:

"The trial court's judgment was jurisdictionally defective and must, therefore, be vacated."

### A. THE ISSUE RAISED: WHETHER THE TRIAL COURT POSSESSED JURISDICTION TO FIND APPELLANT IN CONTEMPT

■ Appellant argues that the trial court did not have jurisdiction to issue a contempt order, since appellant had never been served with appellee's motion to show cause. For the following reasons, appellant's tenth assignment of error has merit.

### B. THE STANDARD OF REVIEW

In *Rafalski v. Oates* (1984), 17 Ohio App.3d 65, 17 OBR 120, 477 N.E.2d 1212, this court stated:

" * * * there is a presumption of proper service in cases where the Civil Rules on service are followed. However, this presumption is rebuttable by sufficient evidence. *Grant v. Ivy* (1980), 69 Ohio App.2d 40 [23 O.O.3d 34, 429 N.E.2d 1188]. Where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it. *Cox v. Franklin* (Jan. 10, 1974), Cuyahoga App. No. 32982, unreported. Appellant has presented no evidence to show that appellee actually received service. It is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service." *Id.* at 66–67, 17 OBR at 121–122, 477 N.E.2d at 1214–1215.

The Franklin County Court of Appeals reached a similar conclusion in *Rogers v. United Presidential Life Ins. Co.* (1987), 36 Ohio App.3d 126, 521 N.E.2d 845:

"Other Ohio appeals courts have held that when a party makes a sworn statement that he did not receive service, there must be a further evidentiary showing that the party was served to rebut the party's statement. A court may not draw inferences which are contrary to the party's statement. * * * This court has also held that a trial court abuses its discretion and it is reversible error for a court to overrule a party's motion to vacate a dismissal when the party

has clearly demonstrated, through unchallenged testimony, that he had not received service. * * * This is true even if the other party has complied with the Civil Rules on service." *Id.* at 129, 521 N.E.2d at 848.

Therefore, it is reversible error for a trial court to disregard testimony that a party did not actually receive service.

## C. THE TRIAL COURT DID NOT HAVE JURISDICTION OVER APPELLANT DUE TO FAILURE OF SERVICE

At the October 29, 1990 contempt hearing which appellant did not attend, appellant's counsel presented appellant's own affidavit, which stated that appellant had not been served with a copy of appellee's motion to show cause. The trial court excluded appellant's affidavit and proceeded to find appellant in contempt of court for failure to comply with the terms of the divorce decree. In addition, the trial court reduced to judgment appellant's obligation to pay attorney fees and alimony arrearage.

Upon review of the evidence and for the foregoing reasons, we find that the trial court did not have jurisdiction to proceed with the hearing, since appellant had not been served with appellee's motion to show cause.

Accordingly, the trial court's contempt order and order reducing to judgment appellant's obligation to pay attorney fees and alimony arrearage are vacated.

## XII. ELEVENTH AND TWELFTH ASSIGNMENTS OF ERROR

Appellant's eleventh and twelfth assignments of error provide:

"XI. The trial court abused its discretion and committed reversible error in contravening the provisions of Civil Rule 53 and in issuing a judgment which was adverse to appellant, while, at the same time, purporting to sustain appellant's objections to the report and recommendation of the referee.

"XII. The trial court's judgment must be reversed because it attempted to modify the divorce decree, which had already been appealed, thus divesting the trial court of jurisdiction."

Our disposition of appellant's tenth assignment of error renders moot appellant's eleventh and twelfth assignments of error. App.R. 12(A)(1)(c).

## XIII. APPELLEE'S CROSS–APPEAL

Appellee Marietta Gullia has filed a cross-appeal in which she asserts one assignment of error:

"The trial court abused its discretion by erroneously and unreasonably failing to award appellee, Marietta D. Gullia's, full attorney fees and expenses, which was against the manifest weight of the evidence produced at trial."

A. THE ISSUE RAISED: WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING APPELLEE ONLY $25,000 IN ATTORNEY FEES

Appellee argues in her sole assignment of error that the trial court abused its discretion in awarding her only $25,000 in attorney fees when her actual attorney fees and expenses exceeded $80,000.

Our disposition of appellant's third assignment of error renders moot appellee's sole assignment of error. App.R. 12(A)(1)(c).

### XIV. CROSS–APPELLANT PATRICIA A. STAUFFER'S FIRST ASSIGNMENT OF ERROR

Cross-appellant's first assignment of error provides:

"The trial court erred, as a matter of law, in declaring a constructive trust of Patricia A. Stauffer's property where a cause of action for a constructive trust was not pled."

A. THE ISSUE RAISED: WHETHER THE TRIAL COURT ERRED IN DECLARING A CONSTRUCTIVE TRUST

Cross-appellant argues that appellee's amended answer and counterclaim for divorce, filed on May 8, 1989, shows that the only allegation against her was that she possessed assets belonging to appellant and that she should be restrained from alienating this property. The counterclaim specifically identified the Shaw Avenue and Westhaven properties. It is the cross-appellant's position that the trial court unlawfully exceeded its authority by declaring a constructive trust of the above-mentioned real estate and a certificate of deposit where an action for a constructive trust was not pled. For the following reasons, we find cross-appellant's first assignment of error has merit.

B. STANDARD OF REVIEW

A constructive trust is created by operation of law and arises where the holder of the legal estate in property cannot also enjoy the beneficial interest therein without violating some established principle of equity. *Croston v. Croston* (1969), 18 Ohio App.2d 159, 162, 47 O.O.2d 260, 261–262, 247 N.E.2d 765, 767–768. Although it is beyond question that the trial court has such equity powers, the existence of such powers does not confer upon the trial court the authority to

take action which is not authorized by statute or demanded by the adverse party. *Morgan v. Morgan* (1984), 16 Ohio App.3d 136, 16 OBR 143, 474 N.E.2d 1216.

## C. THE TRIAL COURT ERRED IN DECLARING A CONSTRUCTIVE TRUST

A review of the evidence shows that appellee's amended answer and counterclaim for divorce failed to set forth a request for the imposition of a constructive trust. For the foregoing reasons, we find that appellee was limited by way of her pleadings to the remedy of a restraining order and the trial court's declaration of a constructive trust is reversed and vacated.

## XV. CROSS–APPELLANT'S REMAINING ASSIGNMENTS OF ERROR

Cross-appellant's next five assignments of error are as follows:

Assignment of Error No. 2:

"The trial court erred, as a matter of law, in awarding the equivalent of a money judgment against Patricia A. Stauffer where no demand for a money judgment was made in any of the pleadings."

Assignment of Error No. 3:

"The trial court lacks subject matter jurisdiction to declare a constructive trust over the property of Patricia A. Stauffer."

Assignment of Error No. 4:

"The trial court erred, as a matter of law, in declaring a constructive trust of Patricia A. Stauffer's property where the court's own findings of fact preclude such a result."

Assignment of Error No. 5:

"The trial court abused its discretion in declaring a constructive trust of property valued at $237,000.00 where the evidence demonstrated that Patricia A. Stauffer had received no monies which could conceivably be deemed as marital."

Assignment of Error No. 6:

"The trial court erred, as a matter of law, in awarding the appellant, Theodore A. Gullia, Jr., an interest in property which would violate his discharge in bankruptcy of September 6, 1984."

Our disposition of cross-appellant's first assignment of error renders moot appellant's remaining assignments of error. App.R. 12(A)(1)(c).

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

PATTON, P.J., and SPELLACY, J., concur.