OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the brief of appellant.[1] Appellant, Timothy J. Barone, appeals from a judgment entry of the Geauga County Court of Common Pleas, denying a joint motion to forgive child support arrearage and adjust the record.
 {¶ 2} Appellant and Lesa J. Barone ("Lesa"), were married on July 27, 1984. One child was born as issue of the marriage; the child's date of birth was January 28, 1985.
 {¶ 3} Approximately two and a half years after the child's birth, appellant filed a complaint for divorce. Ultimately, appellant and Lesa jointly petitioned the court for a dissolution of their marriage. Accordingly, on October 28, 1987, the court entered a divorce decree dissolving the marriage. The decree incorporated the agreement of appellant and Lesa. The agreement divided their marital property equally and granted the parents joint custody of their child, while Lesa was named the primary residential parent. Also, the agreement established that appellant would pay child support at $300 per month.
 {¶ 4} Rather than making child support payments through the Geauga County Child Support Enforcement Agency ("CSEA"), appellant initially paid Lesa directly. Lesa would then file affidavits with the court attesting to appellant's direct payments of child support. The affidavits requested that the court order CSEA to credit appellant's child support account for the direct payments. The court would then issue a judgment entry ordering CSEA to credit the account.
 {¶ 5} On March 15, 1995, the court's judgment entry recognized appellant's direct payment of child support as of February 1995, and ordered CSEA to credit its account accordingly. However, the court further ordered that any future child support payments were to be paid through CSEA. The court stated that any future direct payments to Lesa would be considered gifts and, therefore, would not be credited as payments for child support. Nevertheless, appellant continued to pay the child support payments directly to Lesa.
 {¶ 6} On June 8, 2001, appellant and Lesa filed a joint motion to acknowledge direct child support payments and consent to continue the direct payments. The court denied this joint motion, finding that, despite the parties' agreement regarding direct payments, such payments were contrary to Ohio law.
 {¶ 7} CSEA issued an advanced notice of default to appellant. The notice informed appellant that, as of May 6, 2002, his total child support arrearage was $25,134.[2] Consequently, appellant requested that CSEA conduct a mistake of fact hearing.
 {¶ 8} A mistake of fact hearing was held on May 22, 2002. Following the hearing, CSEA made its findings. CSEA found it had no authority to credit appellant's account for direct payments, as only the common pleas court was authorized to order a credit of the account. Thus, CSEA determined that no mistake of fact existed.
 {¶ 9} Appellant appealed CSEA's determination to the common pleas court. Following a magistrate's hearing, the magistrate affirmed CSEA's determination. The magistrate found there was no evidence that CSEA's findings of fact were incorrect or that its default notice was inappropriate. Appellant did not object to the magistrate's decision, and the court adopted the decision in its entirety.
 {¶ 10} On January 8, 2003, appellant moved for a hearing to correct the issue of child support arrearage. A hearing was held, and the magistrate issued a decision denying appellant's request to correct the child support arrearage. The magistrate found that appellant's direct payments to Lesa were in violation of Ohio law and two previous orders of the court. Again, appellant did not file objections to the magistrate's decision, and the court adopted the decision in its entirety.
 {¶ 11} On April 26, 2004, appellant and Lesa filed a joint motion to forgive child support arrearage and adjust the record. The joint motion requested the forgiveness of appellant's child support debt based upon a theory of equitable relief. Specifically, the joint motion acknowledged the prohibition of direct child support payments under R.C. 3121.44 and3121.45. It further recognized the court's previous rulings denying relief from the child support debt. However, the joint motion contended that an equitable ruling forgiving appellant's debt was appropriate because the child support payments had been made and there was no adverse impact to the child. Attached to the joint motion were affidavits by appellant and Lesa attesting to appellant's direct and complete payment of child support.
 {¶ 12} The court issued a May 10, 2004 judgment entry denying the joint motion. The court stated, "[the] current motion has no more merit than the prior proceedings in which this Court has repeatedly said that [appellant] will not receive credit nor will arrearages be forgiven because he has refused to follow the law and orders of this Court."
 {¶ 13} From this judgment, appellant filed a timely notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 14} "The trial court erred and abused its discretion to the prejudice of petitioner-appellant in overruling his [m]otion to [f]orgive [a]rrearage and [a]djust the [r]ecord."
 {¶ 15} Under his sole assignment of error, appellant argues that the common pleas court abused its discretion by denying the joint motion to forgive the child support arrearage. Appellant contends that the court's denial of the requested equitable relief was unreasonable and not in the best interests of the parties involved. In support of this contention, appellant maintains that the record clearly shows his payment of child support and that the child was not adversely affected by the direct payments. Appellant further argues that the court abused its discretion by denying the joint motion without first holding a hearing.
 {¶ 16} Our standard of review for claims for equitable relief is whether the common pleas court abused its discretion. Philabaun v.Ashley, 11th Dist. No. 2001-P0-107, 2002-Ohio-6938, at ¶ 8. An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 17} The function of equitable relief is to supplement the law where the law is insufficient to remedy a wrong. See, e.g., Mosesson v. Rach,
7th Dist. No. 99 CA 321, 2001 Ohio App. LEXIS 1534, at fn.1. In short, a court's equitable powers may be invoked to provide the flexibility necessary to moderate unjust results. Id. A court of equity is authorized to render an award "on the principle that it may exercise its equitable jurisdiction to the extent of administering full relief which the case demands." Sandusky Properties v. Aveni (1984), 15 Ohio St.3d 273, 276.
 {¶ 18} Despite equity's flexibility, a court does not have unfettered discretion to award equitable relief. Id. To the contrary, there are various long standing maxims which limit a court's application of equity. Id. As will be shown, two of these maxims are relevant to the case at bar.
 {¶ 19} First, the maxim "equity follows the law" states that when there is no cause of action at law, there can be none in equity. SalemIron Co. v. Hyland (1906), 74 Ohio St. 160, 167. See, also, Mosesson at 5. In other words, "[e]quity follows the law, and cannot be invoked to destroy or supplant a legal right." In re Dickey (1949),87 Ohio App. 255, 264. Thus, although it may be tempting to decide a case on the subjective principles of equity, courts have a greater obligation to follow the law. Schwaben v. School Emp. Retirement Sys.
(1996), 76 Ohio St.3d 280, 285.
 {¶ 20} "Equity follows the law" is the applicable maxim in determining the extent of a statutory right. Civil Serv. Personnel Assn., Inc. v.Akron (1976), 48 Ohio St.2d 25, 27. "Where a right is statutory it should not be extended beyond the scope of the statute, however inequitable the result may seem." Id. As a result, when a legal right is clearly defined by a statutory provision, the maxim "equity follows the law" is usually strictly applied. Id.
 {¶ 21} Here, appellant concedes that R.C. 3121.44 and 3121.45 are the pertinent statutory provisions. Under these provisions, "the court * * *shall require that support payments be made to the office of child support," and any payment not made through the child support enforcement agency "shall be deemed to be a gift" rather than child support. (Emphasis added.) Thus, under the statutes, appellant's direct payments to Lesa were only gifts and did not constitute child support payments.
 {¶ 22} R.C. 3121.44 and 3121.45 set forth clear mandatory language requiring the payment of child support to CSEA and obligating the court to consider any direct payment as a gift. To decide this matter upon the subjective principle of equity would extend the relevant law beyond the scope of the statutes, thereby violating the maxim "equity follows the law." Based upon this maxim, the court's denial of the joint motion was not an abuse of discretion.
 {¶ 23} Furthermore, the maxim that "he who comes into equity must come with clean hands" requires that the party seeking equitable relief not be guilty of reprehensible conduct. Keybank Natl. Assn. v. Environment FirstServices Co., Inc., 11th Dist. No. 2001-A-0064, 2002-Ohio-3126, at ¶ 23. More specifically, a party will not obtain equitable relief if the injury incurred by such party is "chargeable to his own wrong." Piatt v.Smith (1861), 12 Ohio St. 561, 570. See, also, Richmond v. Busch (Mar. 16, 1977), 9th Dist. No. 8345, 1977 Ohio App. LEXIS 9051, at 5.
 {¶ 24} As noted by the common pleas court, appellant was properly notified on March 15, 1995, that any further direct payments to Lesa would be considered gifts and would not be credited as child support payments. Despite this notification, appellant continued to pay child support directly to Lesa. In addition, appellant's persistent direct payments ignored the court's June 15, 2001 denial of the joint motion to acknowledge direct child support payments and consent to continue the direct payments.
 {¶ 25} Because the accumulated debt of child support was created by appellant's unwillingness to adhere to the court's orders and Ohio law, he is precluded from seeking equitable relief. Appellant's debt was chargeable to his own wrong and, therefore, violates the maxim that "he who comes into equity must come with clean hands." For this additional reason, the court's denial of equitable relief was not an abuse of discretion.
 {¶ 26} Appellant further argues that the common pleas court abused its discretion by denying appellant's request for equitable relief without holding a hearing. Local Rule 7(A) of the Geauga County Court of Common Pleas states that motions "shall be submitted and determined upon the motion papers[.]" The language of rule 7(A) places the burden upon the moving party to request and justify a hearing on a motion.
 {¶ 27} Our review of the record shows that appellant's joint motion to forgive child support arrearage stated that the grounds for the motion were fully set forth in the attached brief and affidavits. In addition, appellant failed to request a hearing on the joint motion. Appellant's failure to request or justify a hearing on the joint motion constitutes a waiver of this argument on appeal. See, e.g., State ex rel. Scioto Cty.Child Support Enforcement Agency v. Gardner (1996), 113 Ohio App.3d 46,52. This portion of appellant's assignment of error is also not well-taken.
 {¶ 28} Based upon the foregoing analysis, appellant's sole assignment of error is without merit. The judgment of the Geauga County Court of Common Pleas is affirmed.
Rice, J., concurs.
Grendell, J., concurs in judgment only with a Concurring Opinion.
[1] An appellee's brief was not filed on appeal.
[2] It was further noted that, as of February 4, 2002, appellant had begun paying child support through CSEA.