[Cite as *Blausey v. VanNess*, 2016-Ohio-5068.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Ronald Blausey, et al.                                  Court of Appeals No. OT-15-029

    Appellants                                        Trial Court No. 10 CV 279

v.

Richard VanNess, et al.                          **DECISION AND JUDGMENT**

    Appellees                                         Decided:  July 22, 2016

* * * * *

Gary O. Sommer, Kevin A. Heban, R. Kent Murphree and
John P. Lewandowski, for appellants.

Alan R. McKean and Martin D. Carrigan, for appellees.

* * * * *

**OSOWIK, J.**

**{¶ 1}** In 2001, Verna Blausey executed a last will and testament, a power of

attorney, and a transfer on death ("TOD") deed in favor of appellees, Richard VanNess

and his wife, Verna VanNess, who is now deceased.  In the TOD deed, Verna Blausey

granted appellees an 80-acre parcel of land in Graytown, Ohio.  In 2005, Verna Blausey

and appellees had a falling out and she executed a new last will and testament and power

of attorney in favor of appellants, Ronald and Jean Blausey, who were related to Verna Blausey through marriage. However, Verna Blausey did not change the TOD deed granting the 80-acre parcel to appellees. Consequently, after her death in 2008, appellees filed documents transferring title to the 80-acre parcel to themselves.

{¶ 2} Appellants made several unsuccessful attempts to challenge appellees' ownership of the 80-acre parcel, including filing a complaint for a quiet title action in 2009 which was dismissed for lack of standing, and a second complaint in 2010 in which they raised claims of unjust enrichment and constructive trust, which were denied by the trial court on summary judgment. On appeal from that judgment, this court upheld the trial court's denial of the unjust enrichment claim and remanded the case back to the trial court for a further determination as to the constructive trust claim. *Blausey v. Van Ness*, 6th Dist. Ottawa No. OT-13-011, 2013-Ohio-5624.

{¶ 3} On remand, the trial court again denied appellants' constructive trust claim and granted summary judgment to appellees based on R.C. 5302.23(B), which states that "any attempt at testate or intestate transfer is superseded by a properly prepared and duly filed TOD transfer affidavit for any interest in real property."

{¶ 4} Appellants set forth the following as their sole assignment of error:

The trial court erred by granting Appellants' motion for summary judgment.

{¶ 5} Appellants assert that the trial court erred because it is the doctrine of equity, and not Ohio law, that controls the outcome of this appeal. In support, appellants argue

that Verna Blausey intended to transfer all of her assets to them, including the 80-acre parcel, and she failed to do so only because her attorney "forgot" to have her execute a new TOD document. Accordingly, appellants conclude that equity requires the imposition of a constructive trust in their favor on the 80-acre parcel.

{¶ 6} Our review of a summary judgment determination is conducted on a de novo basis, applying the same standard used by a trial court. *Powell v. Toledo Pub. Schools*, 6th Dist. Lucas No. L-09-1140, 2010-Ohio-1602, ¶ 7. Summary judgment will be granted when there remains no genuine issue of material fact and, considering the evidence most strongly in favor of a nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 7} Ohio courts have long recognized the maxim that "equity follows the law." *Barone v. Barone*, 11th District Geauga No. 2004-G-2575, 2005-Ohio-4479, ¶ 19. In other words, equity cannot be used to "destroy or supplant a legal right" even though it is sometimes tempting to do so, because "courts have a greater obligation to follow the law." *Id.* With this premise in mind, we will address the issue of whether appellants are entitled to the equitable remedy of a constructive trust.

{¶ 8} A "constructive trust" has been found to arise in cases "'where a person holding title to property is subject to an equitable duty to convey it to another on ground that he would be unjustly enriched if he were permitted to retain it * * *.'" *Croston v. Croston*, 18 Ohio App.2d 159, 162, 247 N.E.2d 765 (4th Dist.1969), quoting Restatement of the Law of Restitution 640, Section 160. Appellants correctly assert that a

3.

constructive trust can be raised "by equity to satisfy the demands of justice." However, a constructive trust ordinarily "will be declared only on wrongful acquisitions or retentions of property by which equity, in accordance with its fundamental principles and the traditional exercise of its jurisdiction or in accordance with statutory provision, takes cognizance." *Id.*, quoting 54 American Jurisprudence 167, Trusts, Section 218.

{¶ 9} Former R.C. 5302.22, which was in effect at the time the TOD deed in favor of appellees was executed, stated that a deed which conveys an interest in real property, follows the statutorily prescribed form, and is properly recorded in the county recorder's office, creates "a transfer on death interest in the beneficiary of beneficiaries" which, upon the grantee's death, vested the decedent's interest in "the beneficiary or beneficiaries." Former R.C. 5302.23(B)(8) further stated that a transfer on death of an interest in real property pursuant to a TOD deed "is not testamentary." Although R.C. 5302.22 and 5302.23 were amended in 2009 and the term TOD "deed" was changed to "affidavit," the substance of those statutes remains the same and is not in dispute in this case.

{¶ 10} It is undisputed that the TOD deed in this case followed the statutorily prescribed form and was duly recorded. At least one Ohio court has recognized that a TOD deed creates a legal interest in property that is transferrable on the death of the property owner under such circumstances. *In re Estate of Scott,* 164 Ohio App.3d 464, ¶ 10, 842 N.E.2d 1071 (2d Dist.2005). As stated above, there was no finding of unjust

4.

enrichment, and no direct evidence was presented to show Verna Blausey intended to execute a new TOD deed, but for the alleged mistake made by her legal counsel.

{¶ 11} Upon consideration, we find that the trial court did not err by refusing to impose a constructive trust on the 80-acre parcel and granting summary judgment to appellees. Appellants' assignment of error is therefore not well-taken. We further find that there remains no genuine issue of material fact and, considering the evidence most strongly in favor of appellants, reasonable minds can only conclude that appellees are entitled to judgment as a matter of law.

{¶ 12} The judgment of the Ottawa County Court of Common Pleas is hereby affirmed. Costs are assessed to appellants pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

James D. Jensen, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.