**DWORKEN, Plaintiff-Appellee, v. MILLER (Olive), et, Defendant-Appellant.**

No. 21529.   Decided May 18, 1950.

(GUERNSEY, PJ, MIDDLETON, J of Third District: DOYLE, J, of Ninth District sitting by designation in Eighth District.)

**OPINION**

By MIDDLETON, J:

This is an appeal on questions of law, by the defendant, Edward Charles Miller, from a judgment of the Municipal

278

Court of the City of Cleveland, Ohio, in favor of plaintiff and against the defendant, Edward Charles Miller, on an account for legal services furnished by plaintiff to Olive A. Miller, the wife of Edward Charles Miller.

The petition sets forth that the defendant, Edward Charles Miller, is the husband of the defendant, Olive A. Miller, and that there is due the plaintiff from the defendants on account for necessaries furnished to said Olive A. Miller, the sum of $100.00, a copy of which account is attached to the petition as an exhibit; that plaintiff was employed by the defendant, Olive A. Miller, for the purpose of representing her in instituting a petition for divorce, temporary alimony, restraining order and custody and support for the minor child of the parties; that plaintiff rendered professional services as set forth in the exhibit attached to the petition; that the legal services furnished by the plaintiff for said Olive A. Miller were necessary for the protection of her legal rights and in order to obtain an award for her maintenance and for the support of the minor child; that the defendant, Edward Charles Miller, had failed and refused to provide her with said services or to give her the means of obtaining them.

To the plaintiff's petition, the defendant, Edward Charles Miller, filed his answer in which he admits that he is the husband of the defendant, Olive A. Miller, and denies that he ever employed the plaintiff to do any work for him, and denies that any work done by said plaintiff for or on behalf of his wife, was any necessity for which he was liable. The answer then sets forth a general denial.

Defendant, Olive A. Miller, for answer, admits the employment of the plaintiff, as alleged in the petition; denies that said services by plaintiff were a necessity, and avers payment to plaintiff, of a sum sufficient to pay him in full for any services rendered to or for her. This is followed by a general denial.

Upon trial, judgment was entered for the plaintiff against both defendants in the sum of $100.00, the amount claimed due in the plaintiff's petition.

From this judgment the defendant, Edward Charles Miller alone appealed to this court. He bases his appeal upon the sole ground that the judgment is contrary to law for the reason that legal services furnished to his wife do not constitute necessaries furnished to his wife for which he is liable.

The bill of exceptions is very brief and in narrative form. It sets forth the following:

Edward C. Miller does not contest the amount of fees, nor the liability of Olive A. Miller therefor, but denies that he is liable therefor.

Plaintiff called the defendant, Olive A. Miller, for cross-examination, who testified that she employed the plaintiff as attorney to file an action for divorce and a motion for temporary alimony and support of minor child; she identified the petition and motion for alimony and support of her minor child, which she had signed. She further testified that it was necessary that she obtain temporary alimony and support for her minor child from her husband. She then testified that she and her husband became reconciled several weeks after the divorce action was filed, and that she requested the plaintiff to dismiss the action, which he refused to do until his entire fee was paid; that she went to see the judge and he dismissed the action.

Plaintiff took the stand in his own behalf and testified that he was employed by the defendant, Olive A. Miller, to file a petition for divorce, with restraining orders and other relief; also, a motion for temporary alimony and support of their minor child; that the defendant, Olive A. Miller, told him that she was in dire need of funds to support herself and child. Plaintiff further testified as to other services in connection with the action, telephone conversations and conferences with his client and counsel for her husband; that he knew the parties had been reconciled several weeks after the filing of the divorce action and that he refused to dismiss the action until he was paid the additional fee he claimed due him. The plaintiff then rested.

Thereupon the defendant, Edward C. Miller, moved for a directed verdict in his favor for the reason that he had never contracted for nor agreed to pay the plaintiff for services rendered his wife, and said services were not such necessities for which he would be liable.

The court overruled this motion and thereupon the defendant presented no evidence and rested.

Defendant, Edward C. Miller interposed a motion in this court, to strike the bill of exceptions from the files for the reason that said bill of exceptions is defective and incomplete. This motion was treated by this court as a suggestion for diminution of the record and the bill of exceptions was remanded to the Municipal Court. The bill of exceptions was thereafter corrected by the Municipal Court and re-filed.

The matters complained of in the motion to strike, having been corrected, the motion to strike is overruled.

The sole question presented is whether or not the facts, as disclosed by the bill of exceptions, show that the services performed by the plaintiff were necessaries furnished the defendant's wife, for which the husband became liable.

By the provisions of §11994 **GC,** the court, during the pendency of a divorce action, may grant to either party, alimony for his or her sustainence and expense during the suit; and allowances for the support of minor children dependent upon either party for support, not provided for by such party during the pendency of the action for divorce.

This provision of the code vests in the court the discretion to allow legal expenses as a part of an allowance of temporary alimony. **Drach v. Drach, 17 Oh Ap 299.**

It therefore would have been within the discretion of the Common Pleas Court, in the action for divorce, alimony and support of the minor child, upon a hearing of the motion for temporary alimony, to have allowed to the wife, as a part of her expenses, her expense for legal services.

Such an order fixing the liability of the husband to pay legal expenses is ordinarily made before there is any showing of failure or neglect on the part of the husband as set out in a divorce action.

Olive A. Miller, by her action in dismissing the case for divorce, alimony and support of minor child, deprived the Common Pleas Court of jurisdiction to make such an order.

In the absence of such an order made during the pendency of the divorce action, does any liability exist against the husband for legal services furnished his wife, in an action for divorce, alimony and support of minor child, instituted by her?

It seems well-settled, not only in Ohio, but by the weight of authority in the country, that a husband is not liable in a suit by an attorney for services in representing the wife in a divorce action in which the sole relief asked is divorce.

Dorsey v. Goodenow, Wright Reports 120.

Shelton v. Pendleton, 18 Conn. 417.

However, there is a radical distinction between an action for divorce alone or dissolution of the marriage tie, and an action for separate maintenance and/or for support of a minor child.

A careful examination of the decided cases in this country will show that, while an action like the present, cannot be maintained where the services were rendered in an action for divorce alone, it will lie where the action was for separation only. The reasoning followed in these cases applies with equal force where the action includes alimony and support of a minor child, if it appears that the institution of the suit was necessary to obtain the relief sought.

Phillips v. Simmons, 11 Abb. Prac. 287.

Naumer v. Gray, 51 New York Supp. 222.

Therefore, if the claim in the instant case had been founded

on action for divorce alone, we would conclude that the plaintiff had no cause of action against the defendant husband. However, where attorney fees are claimed for the institution of an action for alimony and support for a minor child, such an action may be maintained against a husband on the theory of necessaries furnished the wife.

The liability of the husband and father of the child to support his minor child would continue to exist notwithstanding the court might order a dissolution of the marital contract. The duty to support a minor child exists by reason of the relationship of parent and child and would not be affected by the dissolution of the marriage of the parents.

The record in this case, although very brief, sets forth that it was necessary for the wife to receive support and maintenance for the child from the father. The defendant husband made no denial of this charge and offered no testimony in defense thereto.

The court therefore was justified in finding that the defendant husband had failed to furnish support for his child, that said support was necessary, and that the wife was compelled to employ legal counsel to file an action against the defendant therefor.

The plaintiff was entitled to payment by the defendant husband for the services furnished in the action instituted in the Common Pleas Court, but the court was deprived of jurisdiction to grant such relief.

The action in which the legal services were furnished, being to obtain support for the minor child, in addition to other relief, such services constituted necessaries for which the defendant husband is liable.

For the reasons above given, the judgment of the Municipal Court is affirmed. Exceptions noted. Order see journal.

GUERNSEY, PJ, DOYLE, J, concur.