STOUT, APPELLANT, *v.* STOUT, APPELLEE.

280

(No. C-810055—Decided January 6, 1982.)

*Mr. Donald F. Colegrove,* for appellant.

*Mr. Robert G. Sand,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas, Division of Domestic Relations, of Hamilton County.

The trial court ordered the plaintiff-appellant Jimmy Stout to pay Robert G. Sand, attorney for Dolores Stout, defendant-appellee, $1,250 as attorney fees. Sand, of course, was not a party in the subject divorce action. Appellant advances dual assignments of error objecting in assignment number two to the fact that the attorney fees were ordered payable to the defendant-appellee's attorney rather than to defendant herself. We find assignment two well taken and sustain it. The order awarding the attorney fees should have given the money to the party in the litigation, that is, to Dolores Stout, even though she ultimately, presumably, would turn it over to her attorney. Moreover, the record herein, specifically the narrative transcript of proceedings, makes plain that the trial judge set attorney fees at $1,250, "without hesitation," and we add *without a hearing.* Appellant assails the no-hearing feature of the fee setting, and we conclude, understandably so.

Finding assignment two to be meritorious, as indicated, we reverse the judgment below so far as it ordered payment to the attorney representing defendant-appellee and remand for further proceedings which shall include (1) a hearing at which all parties have the opportunity to be present for the ascertainment of the fair and reasonable value of attorney fees to be awarded to appellee, and (2) an order awarding such fees if any to the appellee herself and not to her counsel.

In appellant's remaining assignment (number one) he objects to the failure of the referee below to prepare a written report concerning the amount which appellant was to contribute to appellee for her attorney fees and submit a copy of such report to appellant. In view of the plenary relief which our validation of the second error assignment affords appellant we discern no prejudice to the appellant from the irregularity claimed in assignment one which we overrule.

We reverse and remand as herein directed.

*Judgment reversed and cause remanded.*

PALMER, P.J., KEEFE and DOAN, JJ., concur.