**RUST**

v.

**TAKACS et al.**

Toledo Municipal Court, Ohio.

No. CVF–94–01543.

Decided Oct. 12, 1994.

**2**

*John G. Rust,* pro se.

*Moran & Moran* and *Mary Beth Moran,* for defendant Emery Takacs.

THOMAS J. OSOWIK, Judge.

This cause came on for determination of defendant Emery Takacs' motion for summary judgment.

Under Civ.R. 56, summary judgment is proper when "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. See, also, *Leibreich v. A.J. Refrigeration, Inc.* (1993), 67 Ohio St.3d 266, 617 N.E.2d 1068.

The basis of Emery's motion is that he had no contract for legal services with the plaintiff, John G. Rust, and, further, co-defendant Esmeralda Takacs' final divorce decree was silent as to payments of attorney fees.

The plaintiff asserts that R.C. 3103.03 obligates a spouse for necessaries. In the case at bar, according to the plaintiff, defendant Emery had filed a divorce complaint against defendant Esmeralda. Esmeralda, at the time she contacted the plaintiff did not desire a divorce and was indigent at the time. The plaintiff therefore argues that since legal representation was necessary and Esmeralda was indigent, R.C. 3103.03 obligates co-defendant Emery to pay plaintiff's fee.

The court finds that the undisputed facts apparent from the pleadings and memoranda are that defendant Emery filed a complaint for divorce against co-defendant Esmeralda. Esmeralda, desiring to contest the divorce, contacted the plaintiff to represent her. Esmeralda signed a contract with the plaintiff in which she agreed to pay the plaintiff for his legal services. After the plaintiff performed some legal services on her behalf, Esmeralda apparently terminated her relationship with the plaintiff and then obtained other legal counsel. The pleadings indicate that Esmeralda subsequently sought assistance from four other additional attorneys. Ultimately, Emery and Esmeralda had their divorce finalized. The divorce decree was silent on the issue of Esmeralda's attorney

fees. Undisputed facts also establish that Esmeralda was without income of her own at the time of the divorce proceedings.

Historically, the courts have held that a husband was not liable for legal services rendered to his wife for divorce. However, if the services were rendered for purpose of alimony and support of minor children, the husband would be liable under R.C. 3103.03 for such legal services, since they constitute "necessaries" supplied to the spouse. *Dworken v. Miller* (App.1950), 57 Ohio Law Abs. 277, 94 N.E.2d 105. The Supreme Court of Ohio has held, however, that a spouse can be held liable for the medical expenses of her spouse. *Ohio State Univ. Hosp. v. Kinkaid* (1990), 48 Ohio St.3d 78, 549 N.E.2d 517. The court in that case clearly limited its opinion to a determination that medical expenses are included as part of any definition of "support" as described in R.C. 3103.03.

The case at bar raises the threshold query of what constitutes necessary expenses. For guidance, this court reviewed several cases of precedent in Ohio, as well as those cited in the briefs of the parties. Neither the statute nor the case law states that defendant Emery is liable for any and all legal expenses. The cases create the theory that a spouse is obligated for necessary legal expenses; however, the reported cases are also limited to the context of divorce proceedings and, further, hold that if such a right of recovery does exist, it is a right of recovery that is personal to the spouse and cannot be held by an attorney. *Stout v. Stout* (1982), 3 Ohio App.3d 279, 3 OBR 325, 445 N.E.2d 253.

It is this court's conclusion that a determination of the reasonableness of legal expenses is a prerequisite to imposing liability upon a spouse for necessities. It is further this court's conclusion that such a determination of necessity and reasonableness of legal fees for the prosecution or defense of a divorce case is best suited to domestic relations proceedings. Further, if such determination is made, the right of recovery of these fees is personal to the spouse and not to the attorney seeking recovery.

Based upon these findings of fact, the court finds that defendant Emery Takacs has sustained his burden of proof, and it appears from the evidence that reasonable minds can come to but one conclusion and, viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the plaintiff.

IT IS THEREFORE ORDERED that defendant Emery Takacs' motion is found well taken and GRANTED and judgment is awarded in favor of defendant Emery Takacs.

IT IS FURTHER ORDERED that this case be referred to the Office of the Assignment Commissioner for establishment of a trial date of the plaintiff's complaint against defendant Esmeralda Takacs, who has not answered the

4

complaint and, further, for trial on defendant Emery's cross-claim against defendant Esmeralda.█

*So ordered.*