OPINION
On June 21, 1975, appellant and Sharon Guenther ("Guenther") were married. On December 21, 1984, Brittany Danielle Gross was born to the parties. On May 1, 1987, appellant filed a petition for dissolution of the marriage and a separation agreement. The separation agreement stated that the parties agreed that (1) Brittany is the parties' minor child; (2) Guenther would have custody of Brittany; and (3) appellant would pay child support. In June 12, 1987, the trial court granted the parties a dissolution and incorporated the separation agreement in its decree.
According to Guenther's brief, the Butler County Child Support Enforcement Agency ("CSEA") advised the parties that appellant's child support obligation was under review in late 1996 to early 1997. In March 1997, appellant took Brittany to the DNA Diagnostics Center ("DNA Center") to have a genetic test conducted to determine whether he was her father. On March 31, 1997, the DNA Center released the test result, which excluded appellant as Brittany's father.
On May 15, 1997, the CSEA's Administrative Hearing office made a recommendation to increase appellant's child support. By judgment entry filed on June 17, 1997, a magistrate accepted the CSEA's recommendation to increase appellant's child support. By judgment entry filed on July 3, 1997, the trial court affirmed the magistrate's decision.
On May 15, 1997, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B), a petition for genetic examination, and an affidavit in support. In response, Guenther filed amemorandum in opposition and motions to dismiss, for contempt, and for attorney fees. On July 15, 1997, appellant filed a motion to modify his child support obligation pursuant to Civ.R. 75(I), a petition for genetic examination, and an affidavit in support.
On October 8, 1997, the parties' motions were submitted to the trial court. By judgment entry filed on December 17, 1997, the trial court dismissed appellant's motion to modify child support and set Guenther's motions for contempt and attorney fees for a hearing on February 10, 1998. By judgment entry filed on February 11, 1998, the trial court denied appellant's motion for relief from judgment and petition for genetic testing. The trial court refused to consider the DNA Center test result. In addition, the trial court ordered appellant to pay $1,000 in attorney fees, but did not address the issue of contempt. On March 12, 1998, appellant filed an appeal with this court. However, on May 21, 1998, we dismissed the appeal stating that the February 11, 1998 judgment entry was not a final appealable order since the motion for contempt was never ruled upon and there were other issues unresolved in the case.
On June 1, 1998, Guenther filed a motion for contempt claiming that appellant failed to pay attorney fees. By judgment entry filed on July 31, 1998, the trial court stated that Guenther's first contempt motion was disposed of in the trial court's February 11, 1998 judgment entry. Addressing Guenther's current contempt motion, the trial court found that appellant was in contempt for failing to pay Guenther's attorney fees in a timely manner. How ever, the trial court found that appellant had paid the attorney fees in full after being served with Guenther's June 1, 1998 motion for contempt. The trial court then found appellant had purged him self of contempt since he had paid $400 in attorney fees and court costs incurred in connection with Guenther's June 1, 1998 motion for contempt.
Appellant filed a timely appeal and asserts one assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT DISMISSED HIS MOTIONS AND ORDERED ATTORNEY'S FEES ABSENT COMPETENT, CREDIBLE EVIDENCE.
In his assignment of error, appellant argues that there is no competent and credible evidence to support the trial court's conclusions that the genetic test was improperly obtained and that it is not in Brittany's best interest to terminate child support.
_____In the present case, appellant filed motions under Civ.R. 75(I) and Civ.R. 60(B). Civ.R. 75(I) is the proper method to invoke the court's continuing jurisdiction to modify a prior order. See Kleemeyer v. Hummel (May 6, 1996), Brown App. No. CA95-10-017, unreported, at 11-12. Civ.R. 75(I) is used to seek a modification of a court order with respect to parental rights and responsibilities, the designation of a residential parent, and child support on the ground that circumstances have changed since the original order was entered. Id. at 12; R.C. 3105.65(B). It is not the proper vehicle to initiate a post-decree challenge of paternity. Leguillon v. Leguillon (Jan. 12, 1998), Clermont App. No. CA97-05-053, unreported, at 12.
A Civ.R. 60(B) motion is the proper method in which a party may challenge the legitimacy of a child presumed to be the issue of a marriage. Id. See Carson v. Carson (1989), 62 Ohio App.3d 670. Civ.R. 60(B) allows a party to seek relief from judgment based upon the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discoverable evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other misconduct by an adverse party; (4) the judgment has been satisfied, released, discharged, reversed, vacated, or "it is no longer equitable that the judgment should have prospective application; and (5) any other reason justifying relief from the judgment."
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60 (B)(1)(2) or (3), not more than one year after the judgment, order, or proceeding was entered or taken.
 Taylor v. Haven (1993), 91 Ohio App.3d 846, 849, citing GTEAutomatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146. These requirements are independent and in the conjunctive; thus, the test is not fulfilled if any one of the requirements are not met. GTE Automatic Elec., 47 Ohio St.2d at 151. The standard by which a decision on a Civ.R. 60(B) motion is reviewed is abuse of discretion. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
As in Strack v. Pelton (1994), 70 Ohio St.3d 172, appellant argues that his Civ.R. 60(B)claim is meritorious because a genetic test excludes him as the father. The test result in Strack was considered; however, Strack's claim was time-barred. Similarly, the test result in this case should have been considered by the trial court for purposes of determining whether appellant had a meritorious claim under Civ.R. 60(B). We find that the genetic test which excludes appellant as the father demonstrates that appellant has a meritorious claim under Civ.R. 60(B).
In reviewing the five separate provisions under Civ.R. 60(B), we find that appellant's claim falls under Civ.R. 60(B)(4).[1]
Under Civ.R. 60(B)(4), appellant must demonstrate that "it is no longer equitable that the judgment [the child support order] should have prospective application. The 'no longer' [phrase] refers to the change in [a] condition that is required to make continued enforcement of the judgment inequitable." Crouser v.Crouser (1988), 39 Ohio St.3d 177, 180. The purpose behind Civ.R. 60(B)(4) is to provide relief when those changed conditions were not foreseeable or within the control of the parties. Knapp v.Knapp (1986), 24 Ohio St.3d 141, 146.
The change in conditions in the present case is the discovery of nonpaternity. The record reflects that Brittany was born during the marriage and that at the time paternity was initially deter mined, appellant alleges he had no reason to contest paternity. We find that it was not foreseeable for appellant to contest paternity at the time of his dissolution. We further find that it would be inequitable to continue the enforcement of the parentage order when it is clear that appellant is not the father of Brittany.
However, appellant must demonstrate that he brought his motion within a reasonable time before the parentage order can be vacated. Civ.R. 60(B)(4). Since it is not clear from the record when appellant suspected that he was not Brittany's father, we are unable to determine whether appellant's Civ.R. 60(B) motion was filed within a reasonable time. We therefore remand this issue to the trial court to determine when appellant suspected he was not Brittany's father and whether appellant's motion for relief was brought within a reasonable time.
In addition, appellant contends that the trial court erred in awarding Guenther attorney fees, but fails to set forth any argument to support his claim. Despite this, we will address the issue of whether the trial court abused its discretion in awarding attorney fees to Guenther. A party seeking attorney fees must establish a financial need and demonstrate that the award is reasonable under the circumstances. Callahan v. Callahan (June 5, 1989), Warren App. No. CA87-11-093, unreported, at 3-4. The financial need is determined based upon the financial abilities of the parties. Id. Any award of attorney fees must be supported by competent and credible evidence. Id. at 4, citing Stout v. Stout
(1982), 3 Ohio App.3d 279.
In the present case, the record reflects that the trial court held a separate hearing as to Guenther's motion for attorney fees. However, appellant has not submitted a transcript of the hearing to this court. Accordingly, we must presume regularity on the part of the trial court when it ordered appellant to pay Guenther's attorney fees. See Elahigohar v. Elahigohar (Sept. 14, 1995), Franklin App. No. 95APF03-335, unreported, at 2, citingKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. Appellant's argument that it was error for the trial court to order him to pay attorney fees is therefore without merit.
In conclusion, we find that a party may not use Civ.R. 75(I) to modify a child support order based upon a finding of nonpaternity. We further find that the trial court should have considered the genetic test in determining whether appellant had a meritorious claim pursuant to Civ.R. 60(B), and that there was insufficient evidence to support the trial court's finding that appellant's Civ.R. 60(B)(4) motion was time-barred. Therefore, we remand this issue back to the trial court to determine when appellant suspected nonpaternity and whether appellant's Civ.R. 60(B)(4) motion was filed within a reasonable time. Appellant's sole assignment of error is well-taken as to his Civ.R. 60(B) motion, but not well- taken as to his Civ.R. 75(I) motion and the award of attorney fees.
Judgment affirmed in part, reversed in part, and remanded.
POWELL, P.J., and WALSH, J., concur.
[1] This court recognizes that appellant's discovery of nonpaternity may appear to fall under Civ.R. 60(B)(2), relating to newly discovered evidence. However, the Ohio Supreme Court has stated that "for purposes of Civ.R. 60(B)(2), results of a paternity test, not obtained and thus not provided until after an adjudication of the existence of a parent-and-child relationship, are not 'newly discovered evidence,'" CuyahogaSupport Enforcement Agency v. Gutherie (1999), 84 Ohio St.3d 437,442. Such evidence cannot be considered as 'newly discovered' since it could have been "discovered by due diligence in time to move for a new trial." Id.