JOURNAL ENTRY AND OPINION
Jack Hollingsworth appeals from a declaratory judgment of the general division of common pleas court entered in favor of William Maloof finding that an August 17, 1992 decision of the domestic relations court awarding Hollingsworth $8,000 in attorney fees void ab initio for want of subject matter jurisdiction. Hollingsworth complains on this appeal that the domestic relations division had jurisdiction to award him attorney fees, and therefore, that judgment is not subject to collateral attack. After reviewing the record and the facts in this case, we reject this contention and affirm the decision of the trial court.
The record reveals Hollingsworth filed a motion seeking a domestic relations court order to have Maloof pay his fees. On August 2, 1991, the court held a hearing, and the parties represented to the court they had agreed Maloof owed Hollingsworth $8, 000. The court ordered Maloof to submit a judgment entry for the court's signature. Maloof never submitted such an entry to the court. Thereafter on August 17, 1992, the court sua sponte entered an order requiring Maloof to pay Hollingsworth $8,800, the amount of the agreed judgment plus ten percent interest.
Subsequently, Hollingsworth asserted a lien against real property owned by Maloof, and in response, on June 19, 1997, Maloof filed this declaratory judgment action against Hollingsworth seeking to have the judgment and the liens filed in connection with it declared void. In response, Hollingsworth filed a motion for summary judgment, and Maloof filed a cross-motion seeking judgment on the declaratory action. The trial court then granted judgment in favor of Maloof. On the initial appeal of that determination, we reversed that judgment because it had been rendered without affording Hollingsworth an opportunity to file a responsive pleading. Following our remand, the trial court re-entered judgment for Maloof. Now, Hollingsworth again appeals from that judgment and raises three assignments of error for our review. The first states:
I.
 THE TRIAL COURT ERRED IN HOLDING THE JUDGMENT OF THE COURT OF COMMON PLEAS, DOMESTIC RELATIONS DIVISION, VOID AB INITIO, WHEN THAT COURT POSSESSED ALL ESSENTIAL REQUISITES FOR JURISDICTION.
Hollingsworth urges the trial court erred in its declaratory judgment because he maintains the domestic relations division had jurisdiction to adjudicate his claim for attorney fees against Maloof. Maloof maintains that the court properly declared the decision of the domestic relation division void, and that it lacked subject matter jurisdiction to adjudicate the attorney fee issue because Hollingsworth never filed a complaint to commence an action to collect attorney fees. Instead, Maloof argues, Hollingsworth only filed a motion for fees in a domestic relations case where Hollingsworth never had standing as a party. The issue here then concerns whether the court properly declared the decision of the domestic relations division void.
The proper manner of commencing an action is in accordance with Civ. R. 3 (A) which provides in part:
 "* * * A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *.
Further in Stout v. Stout (1982), 3 Ohio App.3d 279, the court stated:
 Where a court awards attorney fees in a divorce proceeding, such award must be entered in favor of a party litigant and not directly in favor of the party's attorney.
In this case, Hollingsworth did not file a complaint for attorney fees, but rather filed a motion against Maloof in the domestic relations division in Maloof's pending divorce action. As such, Hollingsworth never became a party, and Maloof never received a summons because Hollingsworth never commenced an action against him for attorney fees. Significant here are the facts that the motion sought recovery of Hollingworth's attorney fees against his own client, Maloof, and that the domestic relations division awarded that judgment of $8,000 together with interest on that sum to Hollingsworth, who at the time, had no status as a party to that litigation. This procedure runs contrary to the precept in Stout and violated Civ. R. 3 regarding service. Accordingly, the domestic relations court lacked jurisdiction to enter this judgment.
On this appeal, therefore, we have considered the declaratory judgment entered by the general division which ruled the domestic relations judgment void ab initio. For the reasons cited herein, we consider that judgment proper, and we, therefore, affirm the judgment of the general division.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and M. SPELLACY, J. CONCUR.
 ______________________________ JUDGE TERRENCE O'DONNELL