Defendant-appellant, Mirian Oralee Crowder, appeals the judgment entry and decree of divorce entered by the Franklin County Court of Common Pleas, Division of Domestic Relations, on August 3, 1998. For the following reasons, we affirm in part and reverse in part.
The parties were married in 1958. In 1961, the parties purchased their marital residence in Columbus, Ohio. In November 1991, plaintiff-appellee, Otis James Crowder, permanently left the marital residence and, in October 1997, he filed a complaint for divorce. A single-day trial was held on May 5, 1998. Thereafter, on August 3, 1998, the trial court filed its judgment entry granting the parties a divorce based upon incompatibility. The trial court also specifically found: (1) that the duration of the marriage was from March 3, 1958 to November 1, 1991; (2) that there had been no financial dealings between the parties since their separation in November 1991; and (3) that the marital residence was marital property free and clear of any indebtedness at the time of the parties' separation. Finally, the trial court ordered that the marital residence be sold and that the net proceeds from such sale be divided equally between the parties.
On September 1, 1998, appellant timely appealed raising the following four assignments of error:
FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT ABUSED ITS DISCRETION AND HELD AGAINST THE MANIFEST WEIGHT OF EVIDENCE WHEN IT DETERMINED THAT THE PARTIES' MARRIAGE ENDED IN 1991 BUT ORDERED THE MARITAL RESIDENCE SOLD AT THE 1998 VALUE.
SECOND ASSIGNMENT OF ERROR:
 THE TRIAL COURT ABUSED ITS DISCRETION AND HELD AGAINST THE MANIFEST WEIGHT OF EVIDENCE WHEN IT FAILED TO GIVE A SET OFF THE COSTS OF PROPERTY TAX, INSURANCE, UTILITIES AND REPAIRS INCURRED BY DEFENDANT AFTER 1991 WHEN PLAINTIFF PERMANENTLY LEFT THE MARITAL RESIDENCE.
THIRD ASSIGNMENT OF ERROR:
 THE TRIAL COURT ABUSED ITS DISCRETION AND HELD AGAINST THE MANIFEST WEIGHT OF EVIDENCE WHEN IT FAILED TO FIND THAT PART IF NOT ALL OF THE MONIES PAID BY DEFENDANT'S FATHER TOWARDS THE MARITAL HOME ESPECIALLY THE MONEY USED TO PAY OFF THE SECOND MORTGAGE CONSTITUTED AN ADVANCE ON DEFENDANT'S INHERITANCE AND/OR INHERITANCE AND THEREFORE COULD NOT BE DETERMINED MARITAL ASSET PURSUANT TO OHIO REVISED CODE SECTION 3105.171. (A)(6)(a)(i).
FOURTH ASSIGNMENT OF ERROR:
 THE TRIAL COURT ABUSED ITS DISCRETION AND HELD AGAINST THE MANIFEST WEIGHT OF EVIDENCE WHEN IT FAILED TO EQUITABLY DIVIDE THE MARITAL PROPERTY PURSUANT TO OHIO REVISED CODE, SECTION 3105.171.
In her first assignment of error, appellant challenges the trial court's order that the proceeds of the sale of the marital residence be divided equally. The effect of this order is that appellee will receive half of the present value of the martial residence, which according to the evidence adduced at the hearing, is greater than the value of the home when the parties' permanently separated in November 1991. According to appellant, the trial court abused its discretion when it failed to value (and ultimately divide) the marital residence based upon its value as of November 1, 1991, the date of the de facto termination of the marriage. We agree.
The date generally used for purposes of determining the value of marital property in a divorce action is the date of the final hearing. See R.C. 3105.171(A)(2)(a). However, if the court determines that use of this date "would be inequitable, the court may select dates that it considers equitable." R.C.3105.171(A)(2)(b). Thus, the Ohio Supreme Court has held that under the particular circumstances of a given case, "[e]quity may occasionally require valuation as of the date of the de facto
termination of the marriage." Berish v. Berish (1982), 69 Ohio St.2d 318,320. A trial court's determination as to when to apply a valuation date other than the trial date is within the discretion of the trial court and will only be disturbed on appeal upon a demonstration of an abuse of that discretion. Gullia v.Gullia (1994), 93 Ohio App.3d 653, 666. However, as this court has recognized, a trial court abuses its discretion in failing to use an alternative valuation date when the record unequivocally indicates a clear and bilateral breakdown of the marriage prior to the hearing date. See Rogers v. Rogers (Sept. 2, 1997), Franklin App. No. 96APF10-1333, unreported (1997 Opinions 3556, 3568).
In Rogers, the trial court used the trial date for purposes of determining the value of the marital property despite the overwhelming evidence of an irretrievable breakdown and termination of the marriage four years prior to the date of the hearing. In particular, the evidence showed that the parties both felt that the marriage was over at the time of their separation four years earlier, and that since that time they had not resided together, had both engaged in extramarital affairs, had no financial entanglements with each other, and had not attended any social, business, or school events together as a couple. This court reversed holding that "an alternative valuation date should be employed when the totality of the circumstances and equitable considerations between the parties demonstrate that there was a clear and bilateral breakdown of the marriage and the parties have ceased contributing to each other for each other's benefit as would partners in a shared enterprise or joint undertaking." Id.
at 3568.
Here, the evidence is similarly uncontroverted in showing that there was a clear and bilateral breakdown of the parties' marriage in November 1991. In particular, appellee testified that: (1) he never intended to return to the marriage when he left in 1991; (2) that he never in fact stayed in the house again; (3) that he never intended to have any kind of relation with his wife after leaving; and (4) that he had not contributed anything to the household since 1991, financially or otherwise. Appellant's testimony was in accord, stating that they had lived apart since November 1991, that appellee had indicated at the time that the marriage was over, and that she received no money from her husband since their separation. In short, the factual record clearly indicates that the parties' marriage terminated in November 1991.
Significantly, the trial court recognized this reality in its decision and entry finding that the duration of the marriage was from March 3, 1958 to November 1, 1991, and that there had been no financial dealing between the parties since their separation in November 1991. Nonetheless, the clear language of the trial court's order provides that appellee will receive half of the present value of the marital residence, including any appreciation resulting to that property since November 1991.
Given the uncontroverted factual record and the trial court's initial finding that the marriage ended on November 1, 1991, we must hold that the trial court abused its discretion in failing to use November 1991 as the valuation date for the marital residence. Equity in this case requires that appellee receive only half of the value of the marital residence at the time of thede facto termination of the marriage. Appellant's first assignment of error is well-taken, and the matter is remanded to the trial court for further determination as to the value of the marital residence as of the de facto termination of the marriage in November 1991. See Rogers, supra, at 3569 (remand for determination of value at de facto termination date was warranted).
In her second assignment of error, appellant contends that the trial court abused its discretion in failing to credit appellant with the costs incurred by her in maintaining the marital residence since the parties' separation, including property taxes, insurance costs, repair costs, and utility costs. According to appellant, it would be inequitable to allow the appellee to receive one-half interest in the marital home based upon its present value since he contributed nothing to its preservation or appreciation after November 1991. Given our disposition of appellant's first assignment of error, requiring the trial court to value the marital residence based upon the defacto termination date of November 1991, appellee will not be unjustly enriched at appellant's expense. Rather, appellant will receive the benefit of any appreciation that may have occurred as a result of her expenditures on the residence since November 1991. Accordingly, appellant's second assignment of error is not well-taken and is overruled.
In her third assignment of error, appellant contends that the trial court abused its discretion when it failed to find that certain monies paid by her father to pay off mortgage indebtedness on the marital residence constituted her separate property. We disagree.
The evidence indicates that in 1983, appellant's parents moved into the marital residence with the parties. At that time, appellant's father paid approximately $8,000 toward the balance that remained on the first mortgage. Soon thereafter, in 1994, the parties entered into a $24,000 "second mortgage," the proceeds of which were used to build an addition on the marital residence, which addition would be used by appellant's parents. Each month until his death in 1990, appellant's father contributed approximately $350 from his funds to pay the approximately $400 monthly loan payment on the second mortgage; the remaining $50 was paid from appellant's income. After the death of appellant's father, appellant used funds from a joint checking account held with her father to pay the remaining $13,000 balance on the second mortgage. Appellant contends that all three payments (the 1983 lump-sum pay off, the monthly mortgage payments, and the 1990 lump-sum pay off) should be treated as her separate property under the theory that they constituted advances on inheritance (the 1983 lump-sum pay off and monthly mortgage payments) or inheritance (the 1990 lump-sum pay off).
In an action for divorce, the trial court is required to determine what constitutes marital property and what constitutes separate property. R.C. 3105.171(B). However, appellate review of a trial court's classification of property as marital or separate is limited to whether the trial court's determination is against the manifest weight of the evidence. Barkley v. Barkley
(1997), 119 Ohio App.3d 155, 159. Here, we cannot find that the trial court's failure to classify any of the payments as either inheritance or advances on inheritance was against the manifest weight of the evidence.
First, there is no evidence in the record that either the 1983 lump-sum pay off or the monthly payments were contemplated by anyone as advances on appellant's inheritance. Neither appellant nor appellee testified as such. In fact, appellee testified that appellant's father agreed to pay for the addition in exchange for having a comfortable and decent place to reside. Appellee also testified that appellant's father made the 1993 lump-sum pay off in order to facilitate the financing of the home addition. Thus, even if the payments were considered gifts, there is no evidence that they were given to only appellant. See R.C. 3105.171(A)(6)(a)(vii) (gifts received during marriage are separate property only if proven by clear and convincing evidence to have been given to only one spouse).
Similarly, we cannot find that the trial court abused its discretion in failing to treat the 1990 lump-sum pay off as coming from appellant's inheritance. Appellee never testified that the funds used to make the 1990 payment constituted her inheritance. In fact, appellant testified that she used the money from a joint account held with her father and that the money came from both "dad and myself." Moreover, the record indicates that appellant's mother survived appellant's father. Absent a will, appellant's mother would have been the recipient of the first $60,000 of appellant's father's estate. See R.C. 2105.06(B) and (C). Given that there was no evidence of a will, no evidence that the joint account was "pay on death" or a survivorship account, and no evidence that the value of the estate of appellant's father exceeded $60,000, the trial court had no basis to find that the funds used to make the 1990 lump-sum payment were from appellant's inheritance.
For the foregoing reasons, the trial court did not abuse its discretion when it failed to find that the value of the payments at issue constituted her separate property. Appellant's third assignment of error is not well-taken and is overruled.
In her fourth assignment of error, appellant contends that the trial court abused its discretion by failing to equitably divide the marital property pursuant to R.C. 3105.171. Appellant contends that given all of the facts and circumstances, it was inequitable to award appellee one-half of the value of the marital residence. In so arguing, appellant essentially relies upon the same allegations raised in her prior assignments of error—i.e., that appellee permanently left the marital residence in November 1991, and that funds from appellant's father made significant contributions to the value of the martial residence.
In dividing marital property, there is a presumption that marital property should be divided equally, as each spouse is considered to have contributed equally to its production and acquisition. R.C. 3105.171(C)(1) and (2). Here, the record clearly indicates that the marital residence was purchased and, at least until November 1991, was maintained from marital resources. Given our previous findings that equity requires that the trial court value the marital residence based upon the de facto
termination date of the marriage and our previous finding that the trial court did not abuse its discretion in failing to treat the value of the payments made by appellant's father as separate property, we do not find any abuse of discretion in otherwise equally dividing the marital residence. Accordingly, appellant's fourth assignment of error is not well-taken to the extent it seeks additional relief not otherwise afforded by our disposition of appellant's first assignment of error.
For the foregoing reasons, appellant's first assignment of error is sustained, appellant's second and third assignments of error are overruled, and appellant's fourth assignment of error is overruled to the extent it seeks additional relief not otherwise afforded by our disposition of appellant's first assignment of error. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed in part, reversed in part, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment affirmed in part, reversed in part; cause remanded.
PETREE and BOWMAN, JJ., concur.