[Cite as *Drouhard v. Drouhard*, 2017-Ohio-7305.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

FRANKLIN DROUHARD

     Appellee

     v.

REGINA DROUHARD

     Appellant

C.A. No.     16AP0044

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     15-DR-B-0014

DECISION AND JOURNAL ENTRY

Dated: August 21, 2017

---

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, Regina Drouhard ("Wife"), appeals a decree of divorce entered by the Wayne County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, we affirm in part, reverse in part, and remand.

I.

**{¶2}** The parties were married on October 30, 1987. Plaintiff-Appellee, Franklin Drouhard ("Husband"), filed a complaint for divorce against Wife in the Wayne County Court of Common Pleas, Domestic Relations Division, on January 16, 2015. The parties had separated and been living apart since February of 2007. Wife answered and counterclaimed for divorce. Wife also filed a motion for temporary orders seeking spousal support.

**{¶3}** On March 10, 2015, a magistrate held a hearing on Wife's motion for temporary orders. After hearing argument from both parties, the magistrate took the matter under advisement and issued a decision that "denied and overruled" Wife's request for temporary

spousal support. In doing so, the magistrate "put great weight on the fact the parties have been separated for seven years and certainly within those seven years, [Wife] could have asked for some type of financial relief in the form of a divorce or a legal separation if she needed to rely on [Husband] for financial assistance." Wife filed timely objections to the magistrate's decision, which Husband opposed. On April 23, 2015, the trial court summarily overruled Wife's objections to the magistrate's decision.

{¶4} On February 9, 2016, the magistrate held a final hearing on Husband's complaint for divorce and on Wife's counterclaim for divorce. Both parties were present and represented by counsel at the final hearing. On May 16, 2016, the magistrate issued a decision "find[ing] that the parties admitted that they are incompatible and should be granted a divorce on those grounds." Furthermore, for purposes of dividing marital property, the magistrate determined that the parties' were married "from October 30, 1987 through February 1, 2007." The magistrate selected February 1, 2007, as the de facto termination of marriage date because that was when the parties separated. Lastly, as relevant to this appeal, the magistrate determined that, based on the factors enumerated in R.C. 3105.18(C)(1), Husband shall pay spousal support to Wife "in the amount of $150 per month for a third the length of the marriage, which is 73 months," for a total of $10,950.00. The trial court adopted the magistrate's decision on May 17, 2016. Wife thereafter filed timely objections to the magistrate's decision and filed a transcript of the final hearing with the trial court. On July 5, 2016, the trial court overruled Wife's objections to the magistrate's decision. Wife then filed a motion for reconsideration, which the trial court denied on July 17, 2016.

{¶5} Wife filed this timely appeal and presents two assignments of error for our review.

## II.

### Assignment of Error I

**A spousal support award of $150 per month, from June 1, 2016 to July 1, 2022, plus the trial court refusing to grant an initial temporary award or a final award of attorney fees and costs to Mrs. Drouhard, is an abuse of discretion.**

{¶6} In her first assignment of error, Wife argues that the trial court abused its discretion by denying her initial motion for temporary spousal support, by ordering Husband to make "minimal" monthly spousal support payments, and by not awarding her attorney's fees and court costs.

{¶7} Generally, absent an error of law, "the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009–Ohio–3788, ¶ 5. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049–M, 2009–Ohio–3139, ¶ 18.

### A. Temporary Spousal Support

{¶8} Initially, we note that although Wife's first assignment of error contends that the trial court erred by denying her motion for temporary spousal support, the argument section of her brief omits any discussion of temporary spousal support. App.R. 16(A)(7) provides that an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." This Court has consistently stated that "[i]f an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Cardone v. Cardone*, 9th Dist.

4

Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998), citing App.R. 12(A)(2) and App.R. 16(A)(7). Accordingly, Wife's first assignment of error is overruled to the extent that it concerns the trial court's denial on her motion for temporary spousal support.

## B. Spousal Support

{¶9} Wife next argues that the trial court should have ordered Husband to pay her more spousal support, as the $150.00 per month spousal support award is inequitable due to the disparity in the parties' income. Specifically, Wife notes that Husband makes more money and has a "comfortable" standard of living, whereas she is impoverished and "barely surviving on * * * $733 a month, HEAP [assistance], and $189 a month in food stamps." The trial court ordered Husband to pay Wife $150.00 per month in spousal support for a total 73 months, beginning on June 1, 2016, and concluding on July 1, 2022, unless the aggregate sum was paid sooner.

{¶10} "This Court reviews a spousal support award under an abuse of discretion standard." *Hirt v. Hirt*, 9th Dist. Medina No. 03CA0110–M, 2004–Ohio–4318, ¶ 8. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). Moreover, "[t]he burden is on the party challenging the award to show that the award is unreasonable, arbitrary, or unconscionable in order for this Court to overturn the award." *Gregory v. Gregory*, 9th Dist. Wayne No. 98CA0046, 2000 WL 877823, *4 (July 6, 2000).

{¶11} R.C. 3105.18(B) provides that "[i]n divorce and legal separation proceedings, * * * the court of common pleas may award reasonable spousal support to either party." "In determining whether spousal support is appropriate and reasonable," the court shall consider the

14 factors listed in R.C. 3105.18(C)(1)(a)-(n). R.C. 3105.18(C)(1). Those factors include the following:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1)(a)-(n).

{¶12} A review of the record indicates that the magistrate's decision fully addressed all 14 factors contained in R.C. 3105.18 prior to ordering Husband to pay spousal support to Wife in the amount of $150.00 per month for 73 months. Specifically, the magistrate's decision noted that Husband "made considerably more money" than Wife during the course of the marriage, although it "is unclear exactly what the parties were earning as of the de facto end date of the marriage in 2007." The magistrate noted that Husband's income at the time of the final hearing was $44,289.00, whereas Wife's income amounted to $11,400.00 in disability and food stamps. The magistrate further noted that Husband has worked for the same employer since 1984, is in good physical, mental, and emotional condition, and "can continue to work and continue to earn at the same wage[,]" whereas Wife has issues with her memory, "is currently disabled due to an accident and receives a monthly disability check." The magistrate also found that due to Wife's disability, she "cannot seek further education and training in order to obtain new employment at this time."

{¶13} Moreover, the magistrate noted that Husband has retirement benefits through his employer, whereas Wife does not have any retirement benefits. The magistrate noted that the parties were married for approximately 18 years when they separated in 2007 and have no minor children. The magistrate found that the parties maintained a comfortable standard of living while they were married. The magistrate considered the tax consequences for each party resulting from an award of spousal support and also stated that neither party testified about lost income production capacity.

{¶14} However, in justifying its "minimal" spousal support award, the magistrate noted that Husband and Wife had been separated and living apart since February of 2007, nearly 10 years at the time of the final hearing. The magistrate also found that during the course of the

parties' separation, Husband "continued to help [Wife] financially when he could. [Husband] did not give [Wife] regular amounts of money or large amounts, but did indicate that he would provide her with $50 or $100 in order to help her out." The magistrate reasoned that a spousal support award of $150.00 achieved the purpose of spousal support. The trial court subsequently reviewed the transcript from the final hearing, found no defect on the face of the magistrate's decision, and adopted the magistrate's decision.

{¶15} After careful consideration, we cannot say that the trial court abused its discretion when it ordered Husband to pay Wife a "minimal" spousal support award in the amount of $150.00 per month. The trial court considered all of the factors contained in R.C. 3105.18(C)(1). In doing so, the trial court highlighted the fact that although the parties did have a long-term marriage, they were separated for nearly eight years at the time that Husband filed his complaint for divorce. The trial court also highlighted the fact that each party established a new standard of living during their separation and that Husband provided only minimal financial support to Wife during this time. The court was authorized to give weight to the parties' long separation pursuant to the "standard of living" and "any other factor that the court finds to be relevant and equitable" considerations of R.C. 3105.18(C)(1)(g) and R.C. 3105.18(C)(1)(n). *See Lytle v. Lytle*, 2d Dist. Montgomery No. 19142, 2002 WL 1349695, *3 (June 21, 2002) (holding that the trial court did not err by denying wife's request for spousal support since wife supported herself during a 16-year separation from her husband).

{¶16} However, upon review of the record, it appears that the trial court erred in calculating the duration of the parties' marriage. The marriage, which lasted from October 30, 1987, until February 1, 2007, totals 19 years and 3 months, or 231 months. One-third of 231 months does not equate to 73 months as the trial court found. Accordingly, the trial court erred

by awarding Wife spousal support for 73 months. Upon remand, the trial court is instructed to issue a nunc pro tunc entry correcting the duration of Wife's spousal support award.

{¶17} Therefore, we conclude that the trial court did not err by imposing a spousal support award in the amount of $150.00 per month. However, the trial court did err by ordering Husband to pay spousal support to Wife for only 73 months.

### C. Attorney's Fees & Costs

{¶18} Lastly, Wife argues that the trial court should have ordered Husband to pay her attorney's fees and costs. Attorney's fees in connection with a divorce may be awarded under R.C. 3105.73(A), which provides:

> In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

"Because a court addresses an award of attorney fees through equitable considerations, a trial court properly can consider the entire spectrum of a party's actions, so long as those actions impinge upon the course of the litigation." *Padgett v. Padgett*, 10th Dist. Franklin No. 08AP–269, 2008–Ohio–6815, ¶ 17. A trial court has broad discretion in considering an award of attorney fees, and an award will only be reversed upon an abuse of the trial court's discretion. *Guziak v. Guziak*, 80 Ohio App.3d 805, 816 (9th Dist.1992).

{¶19} However, upon review of the record, we determine that this Court is precluded from addressing Wife's argument concerning attorney's fees and court costs. "Civ.R. 53 governs proceedings before a magistrate and sets forth the trial court's duties in adopting or rejecting a magistrate's rulings." *Rosen v. Chesler*, 9th Dist. Lorain No. 08CA009419, 2009-Ohio-3163, ¶ 21. Civ.R. 53(D)(3)(b)(iv) provides that, except for a claim of plain error, a party waives the

right to assign error on appeal with respect to the trial court's adoption of any factual finding or legal conclusion "unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." Such objections must be specific and all grounds must be stated with particularity. Civ. R. 53(D)(3)(b)(ii).

{¶20} Here, although Wife filed timely objections to the magistrate's decision, she did not object on the basis that the trial court erroneously failed to award her attorney's fees and court costs, and she has not argued plain error on appeal. As this Court has consistently held, "when a party fails to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal." *Adams v. Adams*, 9th Dist. Wayne No. 13CA0022, 2014–Ohio–1327, ¶ 6, citing *Kiewel v. Kiewel*, 9th Dist. Medina No. 09CA0075–M, 2010–Ohio–2945, ¶ 17. Consequently, Wife has forfeited this issue on appeal.

{¶21} Wife's first assignment of error is sustained in part and overruled in part.

### Assignment of Error II

**The lower court erred in determining per ORC 3105.171(A)(2) "during marriage" to be from October 30, 1987 to February 1, 2007, no equitable division of marital property per ORC 3105.171 occurred. Also no division of marital property acquired by Mr. or Mrs. Drouhard from October 30, 1987 to February 1, 2007 was ordered. Spousal support per ORC 3105.18 as imputed by the duration determination is not adequately set nor discussed. All stemming from an abuse of discretion. [Sic.]**

{¶22} In her second assignment of error, Wife contends that the trial court erred when it established the de facto marriage termination date of February 1, 2007. She argues that the marriage terminated either on December 30, 2012, when the parties last filed a joint tax return, or on the date of the final hearing in February 2016. Additionally, Wife disputes the trial court's division of the parties' marital property. We disagree with both arguments.

## A. Duration of the Parties' Marriage

**{¶23}** "[T]he decision to use the final hearing date or another date when valuing property in a divorce action is a discretionary matter. The decision must reflect an unreasonable, arbitrary or unconscionable attitude before this [C]ourt will reverse." *Budd v. Budd*, 9th Dist. Summit No. 25469, 2011-Ohio-565, ¶ 8, quoting *Schrader v. Schrader*, 9th Dist. Medina No. 2664-M, 1998 WL 46757, *3 (Jan. 21, 1998); *Berish v. Berish*, 69 Ohio St.2d 318, 319-320 (1982) (applying an abuse of discretion standard when establishing the duration of the marriage for purposes of valuation).

**{¶24}** "[T]he trial court must determine the duration of the marriage prior to dividing marital assets." *Tustin v. Tustin*, 9th Dist. Summit No. 27164, 2015-Ohio-3454, ¶ 17, citing *Alexander v. Alexander*, 10th Dist. Franklin No. 09AP-262, 2009-Ohio-5856, ¶ 37; R.C. 3105.171(F)(1). Under R.C. 3105.171(A)(2)(a), the phrase "during the marriage" is defined as "the period of time from the date of the marriage through the date of the final hearing in an action for divorce[.]" However, if the trial court determines that using those dates would be inequitable, it "may select dates that it considers equitable in determining marital property." R.C. 3105.171(A)(2)(b). Nevertheless, "we have previously noted that the statute 'creates a presumption that the proper date for termination of marriage is the date of the final divorce hearing.'" *Budd* at ¶ 8, quoting *Bowen v. Bowen*, 132 Ohio App.3d 616, 630 (9th Dist.1999), quoting *Kohler v. Kohler*, 9th Dist. Lorain No. 96CA006313, 1996 WL 455850, *5 (Aug. 14, 1996). A trial court should only impose a de facto termination where the evidence "clearly and bilaterally shows that it is appropriate based on the totality of the circumstances." *Boggs v. Boggs*, 5th Dist. Delaware No. 07 CAF 02 0014, 2008-Ohio-1411, ¶ 66. "Generally, trial courts use a de facto termination of marriage date when the parties separate, make no attempt at

reconciliation, continually maintain separate residences, separate business activities and/or separate bank accounts." *Eddy v. Eddy*, 4th Dist. Washington No. 01CA20, 2002-Ohio-4345, ¶ 24, citing *Gullia v. Gullia*, 93 Ohio App.3d 653, 666 (8th Dist.1994).

{¶25} The magistrate presided over the final hearing, where both parties testified and presented evidence. When determining whether a de facto termination of marriage date was equitable in this case, the magistrate explicitly considered the several non-dispositive factors articulated in *Dill v. Dill*, 3d Dist. Logan No. 8-08-02, 2008-Ohio-5310, ¶ 11. Specifically, the magistrate found that the parties separated in February 2007 when Wife left the marital residence. The magistrate noted that the parties "separated on less than friendly terms." The magistrate also noted that Wife cohabited "with two other men since leaving the marital residence in February 2007" and that the parties were not intimately involved with each other during the separation. The magistrate found that neither party ever attempted to reconcile and that the parties maintained separate residences during the separation, with Husband remaining in the marital residence and Wife living with other people. The magistrate determined that the parties "did not live as husband and wife during the separation" and "did not attend social functions or vacation together." Lastly, the magistrate found that both parties clearly "believed that the marriage ended prior to the final hearing." The trial court reviewed the transcript from the final hearing, found no defect on the face of the magistrate's decision, and adopted the magistrate's decision.

{¶26} Under the totality of the circumstances of this case, we cannot say that the trial court abused its discretion when it used February 1, 2007, as the termination of marriage date. The evidence in this case clearly and bilaterally demonstrates that a de facto termination of marriage date is appropriate, especially considering Husband and Wife have been separated since

2007, have made no effort to reconcile, and maintain their own residences. Although Wife argues on appeal that she and Husband were still financially intertwined during their separation, the record indicates that the trial court contemplated the parties' financial relationship prior to selecting February 1, 2007, as the de facto termination of marriage date.

## B. Division of Marital Property

**{¶27}** Finally, having determined that the trial court did not err by using February 1, 2007, as the de facto termination of marriage date, we likewise reject Wife's terse argument concerning the trial court's purportedly unequal division of the parties' marital property. In her brief, Wife claims that "[t]he entire division of property in this case [is] based upon an inappropriate de facto duration[.]" Thus, Wife argues that since the trial court's de facto termination of marriage date was erroneous, any division of marital property that uses February 1, 2007, as the end of marriage date is also improper. However, as noted earlier, we find no error with the trial court selecting February 1, 2007, as the de facto termination of marriage date. Accordingly, Wife's argument concerning the division of marital property, which is entirely derivative of her argument concerning the length of the parties' marriage, is without merit.

**{¶28}** Accordingly, Wife's second assignment of error is overruled.

### III.

**{¶29}** Wife's first assignment of error is sustained in part and overruled in part. Wife's second assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, J.
CONCURS.

HENSAL, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶30} I agree with the majority's determination that this case must be remanded on the issue of spousal support, but I disagree with its instruction to the trial court. Although the magistrate concluded that the duration of wife's spousal support should be one-third the length of the marriage, the trial court did not adopt his findings of fact and conclusions of law.

Accordingly, we cannot impute the magistrate's "one-third" determination to the trial court, as the majority has done.

{¶31} The trial court incorrectly wrote that the period from October 30, 1987, through February 1, 2007, is eighteen years and two months. In light of that miscalculation and the lack of other information in the decree for why the trial court ordered 73 months of spousal support, it is not possible to determine whether the court properly exercised its discretion. I, therefore, would remand this matter to the trial court so that it may, if it deems appropriate to a resolution of its determination of amount or duration of spousal support, correct its calculation regarding the length of the marriage and make any adjustment to the spousal support award that it deems appropriate, or indicate that the magistrate's findings or record were dispositive as to the amount or duration of spousal support ordered.

{¶32} I disagree with the majority's resolution of the second assignment of error because it does not address all of Wife's arguments that the trial court did not equally divide the parties' marital property. We should not omit consideration, without explanation for doing so, Wife's argument that the division of marital personal property was not even or the argument she makes regarding Husband's retirement account. I, therefore, respectfully concur in judgment only as to Wife's first assignment of error and dissent as to her second assignment of error.

APPEARANCES:

L. RAY JONES, Attorney at Law, for Appellant.

R. J. HELMUTH, Attorney at Law, for Appellee.